## Martin H. Royston v. Wm. H. Griffin.

1. Vacancy—Appointment. The Act of July 23, 1870, organizing the Criminal District Court of Galveston and Harris counties (Paschal's Digest, 6143), providing that "there shall be appointed by the Governor a clerk "of said court for each of said counties, who shall be removable by the "judge at any time, for misconduct, misfeasance or malfeasance in "office; and in case of death, resignation, or otherwise, by which said "office shall become vacant, the Governor shall appoint a clerk to fill "the vacancy," etc., construed with the constitutional limitation that "The duration of an office not fixed by the Constitution shall never "exceed four years," is held to provide that said office should be filled by appointment by the governor at intervals of four years from the date of the appointment of the first incumbent; and an appointment to a vacancy would be limited to the unexpired term remaining.

2. Same. At the organization of the Criminal Court, Douglas was appointed, 17th August, 1870, and after several intermediate appointments, Griffin was appointed, January 1, 1872. Held, that at Royston's appointment to same office, 10th September, 1874, the office was vacant, the term for which Griffin had been appointed being expired.

Appeal from Galveston. Tried below before the Hon. A. P. McCormick.

November 23, 1874, Wm. H. Griffin brought suit in the District Court of Galveston county against Martin H. Royston to determine who was the lawful clerk of the Criminal District Court of Galveston county.

The facts submitted to the court (there being no issue raised as to the pleadings) are as follows:

The Act of 23d July, 1870, to organize the Criminal District Court for Galveston and Harris counties (Paschal's Digest, 6143), provides that "There shall be appointed by the Gov-

" ernor a clerk of said court for each of said counties, who shall
" be removable by the judge at any time, for misconduct, mis-
" feasance or malfeasance in office; and in case of death, resig-
" nation, or otherwise, by which said office shall become vacant,
" the Governor shall appoint a clerk to fill the vacancy," etc.

George Douglas was appointed Clerk of the Criminal Dis-
trict Court for Galveston county on 17th August, 1870, quali-
fied as such 26th of same month, and died the succeeding
December. Douglas was the first clerk of said court under
the law of 1870 constituting the office. February 20th, 1871,
George Lawrence was appointed and commissioned as suc-
cessor of Douglas, but declined the appointment by returning
his commission, March 4, 1871.

On January 1st, 1872, plaintiff was appointed and commis-
sioned as such clerk, and qualified on 9th of same month, con-
tinuing thenceforward in the possession of the office and in
the exercise of its functions until 23d September, 1874, when
defendant, Royston, took possession of the office and its
records, under protest of said Griffin, and with the reservation
of all plaintiff's rights thereto, and with notification to de-
fendant that plaintiff would assert his rights in the courts of
the country.

On the 10th September, 1874, Royston was appointed and
commissioned clerk of the said court by Governor Richard
Coke, and qualified as such, by filing oath of office and official
bond duly approved. On 23d September, 1874, Royston took
possession of said office and its records, and since has been un-
interruptedly in possession of the office and in the discharge of
its functions.

Judgment was rendered for Griffin for the office against
Royston, from which he appealed.

The errors assigned are:

1. Upon the issues as made in said cause, the court erred in
rendering judgment for the plaintiff.

2. That the judgment of the court should have been for the
defendant, Royston, and not for Griffin.

*F. Charles Hume*, for appellant, cited Paschal's Digest, Articles 6140, 6141, 6142, 6143; Cons., Article 11, Section 38; 6 English (Ark.), 152, Dodd *ex parte;* 2 N. H. Rep., 202, Johnson *v.* Wilson; 3 Cal., 487, People *v.* Brenham; Dallam, 504, Bradley *v.* McCabb; Dallam, 597, Shelby *v.* Johnson; 24 Texas, 253, Keenan *v.* Perry; 2 Story on Cons., Section 1537; 13 Peters, 259, *ex parte* Hennan; 3 Serg. & Rawle, 145, Lehman *v.* Southerland; 7 Cal., 97, Attorney-General *v.* Hill.

*W. H. Stewart*, for appellee.

MOORE, J. It seems to be a generally admitted proposition, when the duration of an office is not fixed by law, and no provision is made for the removal of the incumbent, the power of appointment necessarily carries with it the incidental power of removal. We are not prepared to admit, however, that this rule can be made applicable to this case, or that the authority conferred upon the governor, by the Act of 23d July, 1870, to organize the Criminal District Court for the counties of Galveston and Harris, of appointing a clerk of said court for each of said counties, vests in him, also, the power of removal. The very formula of the proposition, under which the power of removal is claimed, shows that it is implied by reason of the absence of any constitutional or statutory provision in respect to its exercise, or by which it is provided for and regulated. If provision has been made for this, it is to such provision reference must be had, to ascertain by whom and under what circumstances the incumbent may be removed, and not to mere inference from the grant of power to appoint.

In respect to the office here in question, in the very section of the law authorizing the governor to appoint, it is also enacted that the clerk so appointed may be removed by the judge of said court, at any time, for misconduct, misfeasance, or malfeasance. (Paschal's Digest, Article 6143.)

It is insisted, however, on behalf of the appellant, as the power of removal as herein provided, does not expressly nega-

tive the implied authority of the governor to remove, and is not as broad and comprehensive as the power given him of appointment, it should not be presumed that it was the intention of the Legislature to take from him the incidental power of removal, otherwise to be inferred from that of appointment. The power of removal, as herein provided, is certainly broad enough to apply to and embrace all matters and things growing out of, or connected with the incumbent's official conduct, or the discharge of any of his official duties. And this seems to accord with and fully meet the policy of the law in respect to the removal of all officers of the State of like grade. (Crim. Code, Article 75, 350; Article of November 10, 1866; General Laws, Eleventh Legislature, p. 167.)

If a clerk of this court may be removed in any other manner than that provided in the law under which he is appointed, it must, we think, be by an address of two-thirds of the Legislature, as in case of other civil officers (Const., Article 5, Section 24, and Article 12, Section 41), or on trial by indictment or otherwise, as may be provided for by the Legislature, under the authority conferred by Article 8, Section 6, of the Constitution.

We presume it will not be denied that it is the general policy of the State, plainly manifest in the organic law, to limit rather than enlarge executive power and patronage. It certainly neither accords with former precedents, nor with this general policy, that the tenure of ministerial officers not connected with the executive department, should be at the mere will and pleasure of the governor.

Appellant further insists, although the governor may not possess the power of removal, still his appointment is valid, and entitles him to the office, because, by reason of the expiration of the time for which appellee was entitled to hold, said office was vacant at the time of his appointment. The determination of this question depends upon the import to be given to the words "vacant" and "vacancy," in the connection in which they occur in the Act organizing the Criminal Court, for which both the parties to this suit claim to be entitled to the

office of clerk.  If the term of this office was for a fixed and
definite time, and was to be filled at regular and periodical in-
tervals from some definitely stated time, it cannot be doubted
that an appointment to fill a vacancy occurring during such
term would be for its unexpired portion.  But as there is no
prescribed term affixed to this office by law, the length of its
tenure being only limited by Article 12, Section 38, of the Con-
stitution, which provides that the "duration of all offices not
"fixed by the Constitution, shall never exceed four years," in
the opinion of some members of the court the rule usually ap-
plicable in case of vacancies to be filled at regularly recurring
periods, is inapplicable to it.  I am, however, instructed to say
on behalf of the majority of my brethren, that, in their opin-
ion, the peculiar phraseology of the statute under which the
parties to this suit claim the office in controversy, it was the
intention of the Legislature, that said office should be filled by
appointment by the governor at intervals of four years from
the date of the appointment of the first incumbent.  In their
opinion it is necessary that the law should receive this con-
struction, to give full effect to all its provisions.  There is, it is
insisted, first a general grant of power to the governor to ap-
point a clerk, etc., and after providing for his removal by the
court for the causes enumerated in the statute, it is then by
delegation of a special power said, "in case of death, resigna-
"tion, or otherwise, by which said office shall become vacant,
"the governor shall appoint a clerk to fill the vacancy."

It certainly cannot be said that the language of the Act is
utterly free from ambiguity or uncertainty.  Where this is the
case, it is believed to be the soundest rule of interpretation in
a republican system of government, to abbreviate rather than
prolong by construction, official tenure.  In case of doubt, the
preference should, it is thought, be given in favor of the
speediest return of the right to fill the office to the appointing
power.  It may also be added, if the office is to be filled, not
for the vacancy of an unexpired term, but in all cases for the
time to which the duration of the office is limited by the Con-

Argument in support of motion for rehearing.

stitution, an unpopular executive might secure a favorite in office during almost the entire term of his successor, by resignation and reappointment of such officer on the eve of the expiration of his term, and thus prevent his successor's meeting the just expectation of popular demand for a more competent and satisfactory executive appointment.

There being, in the opinion of a majority of the court, error in the judgment of the court below, it is reversed, and it appearing that appellee is not entitled to the writ prayed for in his petition, it is ordered that it be dismissed, and that appellant recover all his costs in this behalf expended in the District Court, as well as in this court.

*W. H. Stewart.* Argument in support of motion for rehearing.

The decision of the court is entirely based on the construction to be given to the following phraseology : " And in case " of death, resignation, or otherwise, by which said office shall " become vacant, the governor shall appoint a clerk to fill the " vacancy." The court construes this language to be such that it creates by *implication* a definite and precise period of four years for the beginning and termination of the term of said office ; that the tenure of the office was a carried-out fixed term of four years, having a definite time of beginning and ending, recurring periodically, and that consequently an appointee to fill a *vacancy* in said office could only hold for the portion of the unexpired term of his predecessor.

The law being silent as to the duration of the office, if we must *imply a term* of four years, it follows by irresistible logical sequence, that when we have thus *supplied the term by implication*, which the law has omitted, the very same legal construction must be placed upon the *implied* omission thus supplied, as we would place upon the supplied language, had the same been embraced in the written law. Then what construction would the court, by reason of many former decisions, be compelled to place upon the law, if the omission of the term

of four years had been supplied in the law itself. The law would then read thus :

"There shall be appointed by the Governor a clerk of said "court for each of said counties, *who shall hold his office for* "*four years,* who shall be removable by said judge, at any "time, for misconduct, misfeasance or malfeasance in office; "and in case of death, resignation, or otherwise, by which said "office shall become vacant, the Governor shall appoint a clerk "to fill the vacancy." If such were the *written law,* could it be for a moment seriously contended that an appointee to fill a *vacancy* would only be entitled to hold for the unexpired portion of the term of his predecessor ? The cases decided both in the Republic and State forbid such a construction. (Shelby *v.* Johnson, Dallam, 597; Roman *v.* Moody, Dallam, 512; Bradley *v.* McCrabb, Dallam, 504; Banton *v.* Wilson, 4 Texas, 400.) One of these cases, the case of Roman *v.* Moody (Dallam 512), was not made in reference to a *constitutional* term, but a *legislative* term.

As the court puts the decision of the case upon the supposed ambiguity of the word *vacancy,* and so construes it as to create a term of office by *implication,* I regret that their attention was not called to pointed authorities conclusive of the question.

In the case of The People *v.* Green, the court say that the Constitution provides that "Sheriffs shall be chosen by the "electors of the respective counties, once in every three years, "and as often as *vacancies* shall happen."

The court, in commenting on that clause of the Constitution of New York, says: "There is no express designation of the "term for which sheriffs shall hold their offices, but it is fixed "at three years by the strongest *implication;*" and they further say, that "it is therefore reasonable to infer, that if they "intended that persons elected to fill *vacancies* in the office of "sheriff, happening before the expiration of the term of the "previous incumbent, should hold for a shorter period than the "general term, they would not have left that intention to be "evolved by ingenious distinctions and dubious inferences,"

and again, the court, in the same case, say: "By the general "provision, elections for sheriffs are not to be held oftener than "once in every three years, except in cases of *vacancy*. In "what part of the Constitution is it declared, or from which "of its provisions are we authorized to infer an exception, in "the case of a person elected to an office *vacant* by the death, "resignation, or removal of his predecessor? Why shall he "not hold as long as he would have done, if elected at the end "of a full term?"

Again the court says:

"Green was elected, as I understand the provision, to fill "the *vacant office*, and not merely to serve out the vacant term "of his predecessor. I am inclined to think a diversity of "opinion on this subject has arisen, from different applications "of the term '*vacancies*,' in the section of the Constitution we "are now considering. It has sometimes been applied to the "office as contradistinguished from the term of service, and at "others to the term of office. I understand it as applicable to "the *office* alone. When Green came into the office, he took "it with all the rights, powers and incidents belonging to it, "under any circumstances, one of which was a tenure of three "years."

The attention of the court is called to the lucid opinion delivered in that case by the distinguished jurist Marcy, and the case was very ably argued by B. F. Butler for the relator, as also by G. C. Bronson, the Attorney-General, on the same side; and cited with approbation by Hemphill. (The People *v.* Green, 2 Wendell, pp. 266 to 278.)

It is respectfully submitted that that case is conclusive of the question involved in this cause.

*F. Charles Hume* filed a brief resisting the motion.

GOULD, J.  The fact that the decision of this case was by a divided court, and the earnestness with which the able and experienced counsel for appellee impeaches the correctness of

that decision, have induced me to prepare a separate opinion, intended to suggest some considerations in support of the decision, in addition to those so well and forcibly expressed in the opinion delivered by Mr. Justice Moore.

The conclusion that the clerk did not hold office at the pleasure of the governor, was arrived at by a unanimous court. As he does not hold merely at the governor's will, the question at once recurs, what is his term of office? There is nothing to suggest that it was intended to be for a year, or for any other fixed time, except four years. For want of any other measure of the term, we are forced to the conclusion that it extended to the constitutional limit of four years. This conclusion is strengthened by the fact, that the Act creates also the offices of judge and district attorney of the court, for which a clerk is provided by the section we are considering. It may be added, that cases where the term of the office is arrived at by construction, are not infrequent. (Jeter v. The State, 1 McCool, 151, 233.)

But the application for rehearing is not based on a denial of this implied term of four years. The proposition asserted is, that if the statute had expressly fixed the term of office at four years, that still an appointee to fill a vacancy would hold for four years, and not for the unexpired term. Assuredly the question is simply one of construction of the statute. That it was competent for the Legislature to direct vacancies occasioned by death, resignation, removal or other like cause, to be filled only for the unexpired term, and thereby secure the periodical return of the office to the appointing power, is unquestionable. If the term of office were fixed by the Constitution, it might be material to inquire how far this affected the validity of the act. But there is no pretense of any constitutional question; and I repeat, that the question is simply, what is the true meaning of the statute?

I have carefully examined the cases cited in the application for rehearing, and have been unable to see that they are inconsistent with the construction given by the court, or indeed

that any of the cases in this State are sufficiently in point to throw much light on the question.

Shelby *v.* Johnson was a contest over the office of District Judge, whose term of office was fixed by the Constitution as follows: "The judges of the Supreme and Superior Courts "shall hold their office for four years, be eligible to re-election, "etc." A vacancy in that office having occurred by death, Shelby was by both houses of Congress duly elected to fill the unexpired term. It was held to be beyond legislative authority thus to limit the term of his office. It was also said that there was nothing in the clause of the Constitution just cited, to justify the construction that the tenure of the judicial office was for a carried-out fixed term, with a precise period for the beginning and termination, or that in case of death, the appointee should hold only for the unexpired term. The clause of the Constitution which the court was construing is unlike the statute in question, in that it contains nothing whatever on the subject of the occurrence or filling of vacancies.

Bradley *v.* McCrabb (1 Dillon, 504) was a contest over the office of Clerk of the District Court, whose term of office was fixed by the Constitution at four years. The general election law contemplated elections for that office in all the counties, in February, 1837, but in some counties, in consequence of depopulation, no election was held at that time, and a supplemental law was passed in June, 1837, authorizing elections in such counties, at such time as they might deem proper. Under this supplemental law McCrabb was elected in January, 1838. The question was whether he was entitled to hold for four years, or must give place to Bradley, chosen at a general election in February, 1841. The court gave the office to McCrabb for the full term of four years. There was no question as to filling a vacancy, but simply whether McCrabb's constitutional right to the office for four years was affected by the mistake of ministerial officers.

Roman *v.* Moody was a case differing from the last only, in that the contest was over the office of County Clerk, the term

of which office was not fixed by the Constitution, but was by the law fixed at four years.    The court say : " But we do not " consider ourselves justified in concluding from the tenure of " the law that there is prescribed a fixed period, certain as to its " commencement and termination, for the office in controversy. " It is simply provided that he shall hold his office for four " years, and not that it shall commence or end on prescribed " days, and that should a vacancy occur, elections shall be hold- " en only to complete the unexpired portion of this defined and " circumscribed end.    The terms of the provision, that he shall " hold his office for four years, are so plain that they cannot be " elucidated by explanation ; and as they are not modified by " the subsequent statute, or by other provisions of the same " act " (as was the case with the statute we are considering), " we are justified in concluding that a clerk of the County " Court, whenever elected, and especially when elected under " the authority of the statute passed for the benefit of depopu- " lated counties, is entitled to hold his office by the tenure " guaranteed to him by the provisions of the general law, viz. : " for the term of four years."

Banton v. Wilson (4 Texas, 407) was another contest over office of district clerk, the Constitution fixing the term of office at four years.    Banton was appointed to fill a vacancy occasioned by death, and under the statute was entitled to hold until a regular election could be held.    The question was simply, What is a general election ?    In no one of these cases do we find a construction of an Article of the Constitution, or of a statute similar to that under consideration.

The People v. Green (2 Wendell, 268) is authority for holding the word *vacancy*, in the connection in which it is used in the following provision of the Constitution of New York, to refer to the office, and not to an unexpired term.    " Sheriffs shall be " chosen by the electors of the respective counties once in every " three years, and as often as vacancies shall happen."    The court held that there was nothing in the Article of the Constitution just cited, to authorize an election to fill the unexpired

Opinion on motion for rehearing.

term of a deceased sheriff. The language is not similar to that we are seeking to construe. If the clause of the Constitution had read, " sheriffs shall be chosen by the electors of the " respective counties once in every three years ; and as often as " by death, resignation, or otherwise, vacancies shall happen, elec- " tions shall be had to fill such vacancies," then the case would be similar. But if it be admitted that the word vacancy ordinarily refers to the office, it by no means follows that the expression " to fill the vacancy," may not be used in such a connection as to mean to fill the office for the unexpired term.

For example, Section 19, Article 111, of the Constitution, reads : " When vacancies happen in either house, the Governor, " or the person exercising the power of the governor, shall issue " writs of election to fill such vacancies," etc. That the office here is to be filled for the unexpired term is undoubted, because, by a former section, the term of office is fixed at two years from the general election. Indeed, counsel for appellee admit that if the law provides that the Governor, on a fixed day, as August 26th, 1870, and every four years thereafter, should appoint a clerk who should hold for four years, and in case of vacancy, he should appoint to fill the vacancy, that it would be very clear that the appointee to fill such vacancy could only hold for the unexpired term. And although no precise day is fixed for the appointment, it certainly was the design of the law that the Governor should appoint all of the officers necessary for the holding of the Criminal Court in time to secure a term of that court on the first Monday in August, in Harris county, and the first Monday in September, in Galveston county. (Section 4, Paschal's Digest, Article 6138.) In regard to elective officers, the law must fix the day of election, and unless it is fixed, there would be no periodic election, and of course no periodic return of the office to the people. In cases of offices filled by appointment, the law might design and accomplish the periodic return of the office to the appointing power, without fixing the precise day of appointment ; in regard

37

to which some discretion might be left in the appointing power.

It is true that the law does not say that "every four years "thereafter," the Governor shall also appoint, but it is equally true that the general power of appointing the clerk conferred on the Governor by the first clause of the section, is sufficient to authorize him to appoint whenever the term of office of the incumbent expires, as well as whenever by death, resignation, or otherwise, the office becomes vacant; and that, having the power, it follows that it is a duty devolved upon him to make such appointments. By construing the clause which follows, viz. : "and in case of death, resignation, or otherwise, by which "said office shall become vacant, the Governor shall appoint a "clerk to fill the vacancy," as intended to fix the tenure of the appointee in cases of vacancies of that character, some meaning is given to a part of the section otherwise, so far as I can see, without meaning or object.

Admitting that the Legislative intention is not free from doubt, I think the most reasonable interpretation is that they had in view the four-years term which they affixed to the office of judge and of district attorney and impliedly to the office of clerk ; that the clause in question contemplated vacancies arising from death or removal, or other cause cutting short the term ; and its most reasonable construction is, that in such cases the Governor shall fill the vacant office for the unexpired term. I think the motion for rehearing should be overruled.

Motion overruled.