JOHN HAMILTON v. THE STATE.

No. 1659.     Decided May 3, 1899.

**1. Change of Venue.**

Where a motion for change of venue was made by the district attorney, but the record on appeal fails to show the order of the court changing the venue, and contains no bill of exceptions embracing the evidence, if any, adduced on the trial of the motion, it will be considered that the judge granted the change of his own motion, as he was authorized to do by article 613, Code of Criminal Procedure.

**2. Same.**

The fact that a trial could not probably be had at the term of the court to which the venue is changed, furnishes no reason for a refusal to change the venue.

**3.  Same—Bill of Exceptions.**

A bill of exceptions to the action of the court changing the venue should be taken at the court granting the order, and should be so full as to show all the proceedings involved in the motions for change of venue.

**4.  Changing the Venue After Continuance—Practice.**

Where a case has been continued for the term, the court should, in regularity, set aside the continuance before taking up a motion for and ordering a change of venue; but where this has not been done, the action of the court ordering the change is tantamount to setting aside the continuance previously granted.

**5.  Judge—Appointed to Office—Tenure of Office.**

Where a judge has been appointed to the office, he is not only a de facto but a de jure officer until his successor has been legally elected and duly qualified, and until such contingencies have occurred his authority as judge can not be questioned.

**6.  Rape—Impeachment of Prosecutrix as a Witness.**

On a trial for rape, where the defendant introduced as a witness a juror who sat on the former trial, for the purpose of impeaching the prosecutrix as to her testimony given on said former trial, it was error to permit the State on cross-examination of said witness to prove by him that he believed the evidence of the prosecutrix on said former trial to be true.

**7.  Same—Cross-Examination of Impeaching Witness.**

On a trial for rape, where a juror on a former trial was called and testified as to the conflicting evidence given at that trial by the prosecutrix, and on his cross-examination was asked, "Notwithstanding what you say she (the prosecutrix) testified on the former trial, the jury convicted defendant?" Held, calculated not only to introduce before the jury the witness' own belief in the integrity of the prosecutrix, but the belief of the entire jury; and the effect was unquestionably to strongly reinforce her before the jury then trying the case.

**8.  Alluding to Former Conviction After a New Trial Is Granted.**

The statute, article 823, Code of Criminal Procedure, which prohibits any allusion in argument to a former conviction when a new trial was granted, equally prohibits any such allusion during the trial; and a violation of the rule which could have no other result than to prove hurtful to defendant, will necessitate a reversal.

APPEAL from the District Court of Jackson, on a change of venue from Victoria County.  Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction for rape; penalty, twenty-five years imprisonment in the penitentiary.

This is a second appeal in this case, and the material facts will be found in the report on the former appeal, Hamilton v. State, 36 Texas Criminal Reports, 372.

*Fly & Hill,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at confinement in the penitentiary for a term of twenty-five years; hence this appeal.

The record is in a remarkable condition.  We have a bill of exceptions regarding the change of venue from Victoria to Jackson County.  The indictment shows that it was presented in Victoria County.  The record shows that it was tried in Jackson County.  But we have none of the

proceedings and no order of the court making the change of venue. No point, however, is made on this phase of the case.

A bill of exceptions shows that on the 25th of May, 1898, the cause was called for trial in Victoria County and continued. The order for said continuance was entered in the forenoon of said day. In the afternoon of the same day a written motion was made by the State to change the venue for the reason that the case had been twice tried in Victoria County, and there would be difficulty in obtaining a jury, and for the further reason that the continuance this day granted would necessitate a further delay of the trial until the next fall term. Appellant objected to this action of the court because it was then too late to obtain a trial at a term of the District Court in Jackson County, which was then in session, that the attendance of the witnesses could not be procured in time to try said case, and for the further reason that the court had no occasion to change the venue, because there was a large number of jurors in Victoria County who knew nothing about the case, and offered to prove the same by the sheriff and assessor of Victoria County. The court, however, overruled the objections, and ordered the venue changed to Jackson County. This bill is signed by Judge James C. Wilson, of the Twenty-fourth Judicial District, which includes Victoria County. As far as this bill is concerned, we see no error in the action of the court. As stated, we have not the order of the court changing the venue, nor have we the statement of facts on which the court may have acted, embodied in the bill of exceptions. This is required by article 621, Code of Criminal Procedure. As far as we are advised, the court may have made the change of venue of his own motion, ignoring or treating as merely persuasive the motion for that purpose made by the district attorney. Article 613, Code of Criminal Procedure, authorizes the court to make such change of his own motion whenever he shall be satisfied that a trial alike fair and impartial to the accused and to the State can not, from any cause, be had in the county in which the case is pending. The fact, as stated in said bill, that a trial could not be had at the then term of the District Court of Jackson County, furnished no reason for a refusal to change the venue. It appears, however, that the trial was had at that term of the court, and no application for continuance was made.

By a succeeding bill, appellant complains that the court erred in making the change of venue, because the case had been continued on the same day prior to the order changing the venue, and said order of continuance had not been set aside. This bill is also signed by James C. Wilson, judge of the Twenty-fourth District Court. It would appear to be a correct practice to take a bill of exceptions at the court where the order for the change was granted. Krebs v. State, 8 Texas Crim. App., 1. But the bill should be so full as to show all the proceedings involved in the motion for change of venue. Here we have neither the order for change of venue, nor any of the prior orders of the District Court of Victoria County. Of course, the court should, in regularity,

have set aside the order continuing the case before he took up and ordered the change of venue. This was not done, so far as the record discloses. We are not, however, prepared to say but that the effect of the subsequent order changing the venue was. to set aside the order for continuance, which had previously been made on the morning of the same day. Article 617, Code of Criminal Procedure provides: "The application for change of venue may be heard and determined before either party has announced ready for trial; but in all cases before the change of venue is ordered all motions to set aside the indictment and all special pleas and exceptions which are to be determined by the judge, and which have been filed, shall be disposed of by the court, and if overruled the plea of not guilty entered." This article apprehends that the court may take action on the change of venue before either party has announced ready for trial, or it may take action after all preliminary motions have been overruled and the plea of not guilty entered. But it does not apprehend that the court should take up a motion for change of venue after the cause has been continued. A continuance of the case is a final disposition of the same for the term. The court has control of its orders during the term, and is authorized to set aside the continuance of a case previously made, and to try the case or make some other disposition thereof; and the action of the court in this regard was tantamount to setting aside the continuance previously granted for the purpose of acting on the motion for a change of venue.

Appellant excepted to the Hon. Wells Thompson trying said cause on the ground "that T. S. Reese, who had formerly been the judge of the District Court for Jackson County, had resigned the office of district judge, and that prior to the last general election, which occurred on the 8th of November, 1898, the Hon. Wells Thompson had been appointed by the Governor to fill the unexpired term of Judge Reese, as the term of Judge Reese expired on the 8th of November, 1898, when the general election was held, and there was no election for district judge at said election, and no appointment had been made since said last general election to fill the vacancy." To support the contention of appellant, we are referred to Royston v. Griffin, 42 Texas, 566. In that case the office was directly involved, and the court merely held that Griffin held an unexpired part of a four-years term, terminating on the 17th of August, 1874, and that consequently the appointment of Royston on the 10th of September, 1874, was proper. Also, in the case of State v. Cocke, 54 Texas, 482, the question of the office was directly involved between two contestants, and this has no particular bearing on the question here presented. Here the question is presented collaterally, and, although Judge Thompson may not have held the office de jure, yet, if he was a de facto judge of that district, this would be sufficient. We would not be understood, however, as holding that he was not a de jure officer. Section 28 of article 5 of our Constitution provides "that vacancies in the office of district judge shall be filled by the Governor until the next succeeding general election." Section 17 of article

16 provides that "all officers within this State shall continue to perform the duties of their office until their successors shall be duly qualified." Our statutes on this subject are as follows: Article 1065, Revised Statutes, provides, "The judge of the district court shall hold his office for the term of four years, and until his successor shall have duly qualified." This article of our Civil Statutes construes section 28 of article 5 of the Constitution in accordance with the last-cited provision of the Constitution, so far as the tenure of elective judges is concerned, and it would seem to follow that the same rule would apply to appointive judges. Certainly an appointive judge is an officer within this State, and, without any enabling statute, section 17 of article 16 would embrace such an officer, and authorize him to hold until his successor should be duly qualified. On this subject we quote from 19 American and English Encyclopedia of Law, 432, the general rule on this subject, as follows: "Under provisions permitting an officer to hold his office for the prescribed term and until his successor shall have been elected and qualified therefor, a failure to fill the position at the expiration of the term, does not create a vacancy which can be filled by appointment; and the failure, through death or otherwise, of a duly elected or appointed officer to qualify, does not create a vacancy,—the old incumbent holding not merely as a de facto officer but as an officer de jure until the power upon which the duty of election or appointment is devolved can regularly act and the successor is duly elected and appointed and qualified." We are not informed when the office of district judge of that district became vacant. It may have been so near to the date of the election as not to permit of the election of his successor. At any rate, it is not contended that the original appointment of Judge Thompson was void, but that it became and was void on the 18th of November, 1898,—ten days after the general election,—because no one had been elected to fill the office at that time, and because Judge Thompson had not been reappointed after said general election. Certainly, if some other person had been elected district judge at said general election, he could not have qualified until forty days after said election; and the holding over by Judge Thompson, the appointee, would in that event have been unquestionably legal. Now, would the fact that no one was elected at said general election to fill the office vacate the office of the appointee? We think not. On the contrary, the appointee would hold the place until his successor was duly qualified. If his successor had been elected, he could not qualify until on the fortieth day after the election, when the Secretary of State is authorized to open and count the returns of the election; and, in accordance with said count, the Governor is authorized to make out and deliver certificates of election, etc., and afterwards commissions are authorized to issue. See arts. 1758, 1759, Rev. Stats. And it would seem to us that there could be no question as to the tenure of an appointee until such time as his legally elected successor could qualify.

It appears in bill of exceptions reserved during the trial of the case that one A. Bursa was introduced on behalf of defendant to impeach the prosecuting witness, Dollie Daniels, as to what she may have testified on a former trial of the case. On cross-examination the attorney for the State asked the witness if he believed what the prosecutrix, Dollie Daniels, said when she testified on the former trial. This was objected to on the ground that it was immaterial and improper to prove by said witness what he believed as to her testimony. The objection was overruled, and the witness testified that he believed the evidence of the said Dollie Daniels to be true. In this same connection, the next bill of exceptions shows that J. Vandenburg, the private prosecutor, in cross-examining this witness, asked him the question: "Notwithstanding what you say she [Dollie Daniels] testified to on the former trial, the jury convicted defendant?" This remark was excepted to by defendant on the ground that the question as to whether the jury had convicted defendant on the former trial was improper, immaterial, and calculated to prejudice the rights of defendant. In our opinion, both exceptions are well taken. While it is competent to impeach a witness by showing conflicting statements made at a former trial to those made at a subsequent trial, or conflicting statements made at the same trial, yet we know of no rule that would authorize such witness so impeached to be bolstered up by showing that the impeaching witness believed one or the other statement. And the fact that this witness, Bursa, was a juror, rendered his statement that, notwithstanding the conflicting statements of the prosecutrix, he believed her testimony against defendant, more prejudicial to him. And when to this was added the suggestion of the private prosecutor that, notwithstanding such conflicting statements of the prosecutrix, the jury convicted defendant, it was calculated not only to introduce before the jury the witness' own belief in the integrity of said prosecuting witness, but the belief of the entire jury, and the effect was unquestionably to strongly reinforce her before the jury then trying the case. Article 823, Code of Criminal Procedure, provides: "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument." If the private prosecutor can not allude to the former conviction in his argument, by the same reasoning he should not be permitted to allude to it during the progress of the trial. Here he not only alluded to it, but alluded to it in the adducing of testimony in a manner calculated to give weight to that testimony,—that is, he was permitted to prove by a juror who tried appellant at a former trial that not only he, but the entire jury, believed the prosecutrix's testimony on that trial; and such illegal testimony could have no other result than to prove hurtful to appellant, and it evidently was brought out for that purpose. The jury convicted appellant and gave him twenty-five years. They may or may not have convicted him without this illegal testimony, or they may, without this testimony,

have given him a less term of years in the penitentiary. We can not tell. We only know that the evidence and the remarks of the private prosecutor were improper and illegal, and were of a character calculated to prejudice appellant. Washington v. State, 23 Texas Crim. App., 336. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*