

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

· April 3, 1964

Honorable Bird Old, Jr.                    Opinion No. C-235
County Attorney
Titus County                               Re: Length of term for which
Mt. Pleasant, Texas                        Justice of the Peace, Place 1,
                                           and Justice of the Peace,
                                           Place 2, Precinct 1 of Titus
                                           County, were elected in 1962.

Dear Sir:

You have requested an opinion on the following question:

"In 1954 Precinct 1 of Titus County had one Jus-
tice of the Peace, who was Justice of the Peace of
Precinct 1.  In 1954 he was elected for a four-year
term that commenced on January 1, 1955.  In 1958 a
Justice of the Peace was again re-elected for a four-
year term commencing January 1, 1959.  On May 23,
1960, the Commissioners Court created the office of
Justice of the Peace, Precinct 1, Place 2, and ap-
pointed a Justice of the Peace to the office.  In 1962
both the Justice of the Peace for Precinct 1, Place 1,
and the Justice of the Peace for Precinct 1, Place 2,
were re-elected supposedly for a four-year term.  Which,
if either, was elected for a two-year term?"

Article V. Section 18 of the Texas Constitution contains
the following provision:

"Each organized county in the State now or here-
after existing, shall be divided from time to time, for
the convenience of the people, into precincts, not less

than four and not more than eight.  Divisions shall be
made by the Commissioners Court provided for by this
Constitution.  In each such precinct there shall be
elected one Justice of the Peace and one Constable, each
of whom shall hold his office for four years and until
his successor shall be elected and qualified; provided
that in any precinct in which there may be a city of
8,000 or more inhabitants, there shall be elected two
Justices of the Peace. ..."

Parenthetically, it may be observed that the creation of a second
office of justice of the peace in a precinct containing a city of
8,000 or more inhabitants is discretionary with the commissioners
court, and action by the commissioners court is necessary to bring
the second office into being.  Meredith v. Sharp, 256 S.W.2d 870
(Tex. Civ. App. 1953, error ref. n.r.e. 152 Tex. 437, 259 S.W.2d
175); Atty Gen. Op. WW-1251 (1962).

Section 65 of Article XVI of the Constitution, adopted in
1954 along with other amendments increasing the terms of county
and precinct officers from two years to four years, provides for
staggered terms for these officers, so that approximately one-
half are elected every two years.  Under its provisions, justices
of the peace in precincts having only one justice received a four-
year term at the general election in 1954, and thereafter were
elected for a four-year term in 1958 and in 1962.  This section
provides, in part:

"Sec. 65. Staggering Terms of Office - The following
officers elected at the General Election in November, 1954,
and thereafter, shall serve for the full terms provided in
this Constitution:

"(a) District Clerks; (b) County Clerks; (c) County
Judges; (d) Judges of County Courts at Law, County
Criminal Courts, County Probate Courts and County Domestic
Relations Courts; (e) County Treasurers; (f) Criminal
District Attorneys; (f) County Surveyors; (h) Inspectors

of Hides and Animals; (i) County Commissioners for Precincts Two and Four; (j) justices of the Peace.

"Notwithstanding other provisions of this Constitution, the following officers elected at the General Election in November, 1954, shall serve only for terms of two (2) years: (a) Sheriffs; (b) Assessors and Collectors of Taxes; (c) District Attorneys; (d) County Attorneys; (e) Public Weighers; (f) County Commissioners for Precincts One and Three; (g) Constables. At subsequent elections, such officers shall be elected for the full terms provided in this Constitution.

"In any district, county or precinct where any of the aforementioned offices is of such nature that two (2) or more persons hold such office, with the result that candidates file for 'Place No. 1,' 'Place No. 2,' etc., the officers elected at the General Election in November, 1954, shall serve for a term of two (2) years if the designation of their office is an uneven number, and for a term of four (4) years if the designation of their office is an even number. Thereafter, all such officers shall be elected for the terms provided in this Constitution."

The pattern set by Section 65 for staggered terms applies to offices created after 1954, as well as to those then in existence. Attorney General's Opinions WW-1292 (1962) and C-147 (1963). These opinions are reaffirmed. However, as to those offices that are of such nature that two or more persons hold such office, with the result that candidates file for "Place No. 1, Place No. 2," etc., the last quoted paragraph of Section 65 controls. It is noted that this provision provides that in 1954 if the designation of their office is an uneven number the term will be for two years, and the term will be for four years if the designation of their office is an even number. This was for the purpose of staggering the terms of the various designated places. The Constitution then provides, "Thereafter, all such officers shall be elected for the terms provided in this Constitution," which is for four year terms. The various Commissioners Courts often create new places for Justices of the Peace and it is in the discretion of the court to designate which places shall be even or uneven numbers. Likewise, the Commissioners Court often abolishes such offices. We can find no language in this Constitutional provision

that after the year 1954 makes a distinction between whether the places are an even or an uneven number. Inasmuch as the new place was created at a time that a four-year term would make it staggered with the other place, we do not pass upon the question whether one or the other of the Justices of the Peace would have to run for a two-year term, if the newly created office was created to begin at the same time as the term of the other Justice of the Peace.

Adverting now to the facts of the situation at hand, it becomes evident that when the Commissioners Court of Titus County created the office of Justice of the Peace, Precinct 1, Place 2, on the 23rd day of May, 1960, there then existed a vacancy in such office which the Commissioners Court was authorized to fill by appointment until the next general election in November of 1960. The office was filled by appointment of the Commissioners Court but no election for such office was held in the general election in November of 1960.

Since Section 18 of Article V of the Texas Constitution provides that a Justice of the Peace shall hold office "... until his successor shall be elected and qualified ..." and Section 17 of Article XVI of the Texas Constitution provides that "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified", when the four-year term of office for Justice of the Peace, Precinct 1, Place 2, began on the 1st day of January, 1961, the person holding such office by appointment of the Commissioners Court of Titus County became a hold-over officer by virtue of the failure to hold an election for such term of office in the November, 1960, General Election. Hamilton v. State, 40 Tex.Crim. 464, 51 S.W. 217(1899); Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325 (1948).

At the General Election held in November, 1962, there existed the following situation with respect to the two Justice of the Peace offices in Precinct 1 of Titus County:  the office designated as Justice of the Peace, Place 1, had been duly filled at the general election in November, 1958, for the four-year term

beginning January 1, 1959, and ending December 31, 1962, therefore, election to this office would be for a new four-year term beginning January 1, 1963; the term for the office designated as Justice of the Peace, Place 2, which began on January 1, 1961, and ends on December 31, 1964, had not been filled by election or appointment, consequently election to this office would be for the unexpired portion of the existing term. Section 27, Article 16, Texas Constitution; Attorney General's Opinion O-6923 (1945).

We therefore hold that the person elected to the office of Justice of the Peace, Precinct 1, Place 1, at the general election in 1962 was elected for a four-year term beginning on January 1, 1963, and ending on December 31, 1966, and the person elected to the office of Justice of the Peace, Precinct 1, Place 2, at the general election in 1962 was elected for the unexpired term of such office which began on January 1, 1961, and ends on December 31, 1964.

## SUMMARY

At the general election in November of 1962, the election to the office of Justice of the Peace, Precinct 1, Place 1, Titus County, was for a term of four years beginning January 1, 1963, and ending December 31, 1966; and the election to the office of Justice of the Peace, Precinct 1, Place 2, Titus County, was for the unexpired term of such office which began on January 1, 1961, and ends on December 31, 1964.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _Norman Suarez_
Norman Suarez
Assistant Attorney General

NS:me

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman

V. F. Taylor
Malcolm Quick
Paul Phy
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By:  Howard Mays