# THE ATTORNEY GENERAL
# OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL


*Lee H-220*

December 7, 1970

Honorable Ted Butler          Opinion No. M- 742
Criminal District Attorney
Bexar County Courthouse        Re: Who fills the office of
San Antonio, Texas 78204           Justice of the Peace between
                                   the date of certification of
                                   the winner at the general
                                   election on November 3, 1970,
                                   and January 1, 1971, where
                                   the office was held by one
                                   appointed under Article 2355,
                                   Vernon's Civil Statutes, and
Dear Mr. Butler:                   related questions.

        In your recent letter to this office you stated that
on October 1, 1969, Charles Bond was appointed by the Commissioners
Court to the office of Justice of the Peace for Place Two of
Precinct One of Bexar County. The appointment was to fill a
vacancy in such office created by the appointment of the then
Justice of the Peace, John Benavides, to the office of Judge of
the 187th District Court.

        At the primary election held on May 2, 1970, Mike
Hernandez defeated Charles Bond for the nomination as the candi-
date of the Democratic Party for the office of Justice of the
Peace, Place Two, Precinct One, and Mr. Hernandez was unopposed
for this office at the general election on November 3, 1970.

        Based upon these facts, you have requested the opinion
of this office upon the following questions:

        "1.  Who is the Justice of the Peace for
        Precinct One, Place Two for Bexar County, Texas,
        during the 'interim' period between:  1) the
        certification of the official canvass of the
        returns of the General Elections which were held
        on Tuesday, November 3, 1970; and 2) the swearing
        and qualifying of the winner of the 4 year term
        on January 1, 1971?

        "2.  Is Mr. Mike Hernandez to take the oath

-3610-

and be qualified upon receipt of his certification of election, or must he wait until January 1, 1971 to take office?

"3. If your answer to number two is in the negative, is the Commissioners Court of Bexar County entitled to appoint another to serve as Justice of the Peace Precinct One, Place Two, to hold office from the time of certification of the results of the general election until January 1, 1971?

"4. If your answer to number two above is in the negative, does the Commissioners Court of Bexar County have a duty to appoint a Justice of the Peace to hold office from receipt of certification of the general election until January 1, 1971?"

Section 18 of Article V of the Texas Constitution states that each Justice of the Peace ". . . shall hold his office for four years and until his successor shall be elected and qualified; . . . ."

Section 65 of Article XVI of the Texas Constitution establishes a system of staggered terms for various district, county, and precinct officers and pursuant to this provision the person elected to the office of Justice of the Peace, Place Two, Precinct One, Bexar County, Texas, at the 1966 election and the 1970 election were elected for a term of four years.

The beginning date of the term of office of Justices of the Peace and the date upon which a person elected to that office may qualify and assume office are fixed by Article 17, Vernon's Civil Statutes, which reads as follows:

"The regular terms of office for all elective state, district, county and precinct offices of the State of Texas, excepting the offices of Governor, Lieutenant Governor, State Senator, and State Representative, shall begin on the first day of January next following the general election at which said respective offices are regularly filled, and those who are elected to regular terms shall qualify and assume the duties of their respective offices on the first day of January following their election, or as soon thereafter as possible. Persons

elected to unexpired terms in the various state,
district, county and precinct offices shall be
entitled to qualify and assume the duties of
their respective offices immediately upon re-
ceiving a certificate of election, which certifi-
cate shall be issued immediately following the
official canvass of the results of the election
at which they were elected, and they shall take
office as soon thereafter as possible."

Based upon the foregoing provisions of the Constitu-
tion and statute, John Benavides was elected to and was serving
a term of four years which began on January 1, 1967, and extended
through December 31, 1970.  At the November 3, 1970, election
Mike Hernandez was elected to the same office for a term of four
years beginning on January 1, 1971, and ending on December 31,
1974.

It is true that under the provisions of Article 8.36,
Texas Election Code, Mr. Hernandez was entitled to a certificate
of election to the office of Justice of the Peace, Place Two,
Precinct One, immediately after the canvass of the election
results on November 9, 1970.  However, this does not entitle
Mr. Hernandez to qualify and enter that office prior to January
1, 1971.  He was elected to a four-year term which begins on that
date; he was not elected to any portion of the term which ends
on December 31, 1970.  Article 17, Vernon's Civil Statutes,
fixes the beginning date of his term of office and time for
qualifying as January 1, 1971.  He has no right to the office
prior to that time.  Ex parte Sanders, 147 Tex. 248, 215 S.W.2d
325 (1948); Anderson v. Parsley, 37 S.W.2d 358 (Tex.Civ.App.
1931, error ref.).  This is made clear by the fact that Article
17 also provides for a person elected to an unexpired term to
qualify and assume office immediately upon receiving a certifi-
cate of election.

When John Benavides qualified for the office of Dis-
trict Judge he vacated the office of Justice of the Peace.
Biencourt v. Parker, 27 Tex. 562 (1864); State v. Brinkerhoff,
66 Tex. 45, 17 S.W. 109 (1886).  The power to fill vacancies
in the office of Justice of the Peace is conferred upon the
commissioners court by Section 28 of Article V of the Texas
Constitution in the following language:

"Sec. 28.  Vacancies In Offices Of Judges Of
Superior Courts To Be Filled By The Governor.

> "Vacancies in the office of judges of the
> Supreme Court, the Court of Criminal Appeals, the
> Court of Civil Appeals and the District Courts
> shall be filled by the Governor until the next
> succeeding General Election; and vacancies in
> the offices of County Judge and Justices of the
> Peace shall be filled by the Commissioners Court
> until the next succeeding General Election."
> (Emphasis added.)

In furtherance of that authority the Legislature has enacted
Article 2355, Vernon's Civil Statutes, which reads:

> "The Court shall have power to fill
> vacancies in the office of:  County Judge,
> County Clerk, Sheriff, County Attorney, County
> Treasurer, County Surveyor, County Hide In-
> spector, Assessor of Taxes, Collector of
> Taxes, Justices of the Peace, Constables, and
> County Superintendent of Public Instruction.
> Such vacancies shall be filled by a majority
> vote of the members of said Court, present
> and voting, and the person chosen shall hold
> office until the next general election."
> (Emphasis added.)

Upon performing the acts necessary to qualify for Justice of the
Peace and assuming the duties of that office, Charles Bond be-
came a de jure officer.  State v. Jordan, 28 S.W.2d 921 (Tex.Civ.
App. 1930, error dism.); see Hamilton v. State, 51 S.W. 217
(Tex.Crim. 1899).   If the language of Section 28 of Article V,
Texas Constitution, and Article 2355, Vernon's Civil Statutes, be
taken literally, Judge Bond's tenure in such office would ap-
parently end with the general election held on November 3, 1970.
However, for the reasons which follow, we are of the opinion that
Judge Bond is entitled to hold his office through December 31,
1970, and thereafter until such time as Mr. Hernandez has qualified
for that office.

The primary purpose and intent of those provisions of
Section 28 of Article V and Article 2355, which specify that
persons appointed to vacancies in the offices named therein
shall serve until the next general election, was not to vacate
the office upon that date but rather to establish the policy
that the people shall fill the office by election at the earliest
opportunity.  This becomes clear when we consider the recent

history of amendments to this constitutional provision.  Prior
to 1958, Section 28 of Article V provided that "vacancies in
the office of County Judge and justices of the peace shall be
filled by the Commissioners Court until the next general election
for such offices."  When Sections 64 and 65 of Article XVI of
the Texas Constitution were added in 1954, the terms of office of
certain officers, including County Judge and Justices of the Peace,
were changed from two to four years effective with the 1954
general election.  Thereafter it was held that where a Justice of
the Peace who was elected to a four-year term at the 1954 general
election resigned in 1955, the person appointed to fill the
vacancy was entitled to hold the office until the 1958 general
election and that the office was not subject to being filled by
election in 1956.  Rawlins v. Drake, 291 S.W.2d 349 (Tex.Civ.App.
1956, no writ).  Subsequent to this holding, Section 28 of Article
V was amended to its present form.

        In facilitating the return of those offices that have
been filled by appointment to the choice of the electorate, the
Legislature has provided for the nomination for and election to
unexpired terms of office which extend beyond the first day of
January following the election.  Art. 13.12a, Texas Election Code.
It has further specified that persons elected to unexpired terms
shall be entitled to qualify and assume the duties of office
immediately upon receiving a certificate of election.  Art. 17,
Vernon's Civil Statutes.  The Legislature has not provided
for the nomination for and election to unexpired terms which
do not extend beyond the first day of January following the
election.  There being no provision for such an election, none
can be held, for there is no inherent right to hold an election,
and one held without authority is void.  Countz v. Mitchell,
120 Tex. 324, 38 S.W.2d 770 (1931); Trustees of Ind. School Dist.
v. Elbon, 223 S.W. 1039 (Tex.Civ.App. 1920, no writ).  The wisdom
of this omission becomes apparent when we consider the very short
period to which one would be elected and the fact that there would
be two changes in the office within a two-month period.  While these
same reasons speak against the proposition that the appointing
power should again come into play during this interim, that
proposition is foreclosed by the fact that other provisions of
our Constitution and statutes make provision for the status of
the office and its incumbent appointee during the period in
question.

        Section 17 of Article XVI of the Texas Constitution
provides that "All officers within this State shall continue to
perform the duties of their offices until their successors shall

be duly qualified." Acting pursuant to this provision the Legis
lature has provided in Article 18 of Vernon's Civil Statutes tha
"Each officer, whether elected or appointed under the laws of
this State, . . . shall hold his office for the term provided
by law and until his successor is elected or appointed and
qualifies . . . ." The effect of these provisions was explained
in State v. Jordan, 28 S.W.2d 921 (Tex.Civ.App. 1930, error dism
at pages 923-924:

> "' . . . The practical effect of a constitutional
> provision directing that public officials should hold
> over until their successors are qualified is that a
> public office does not become vacant, in the sense
> that there is no incumbent to fill it, except in the
> case of death.'" (Emphasis added.)

We think this applies with equal force whether the incumbent be
elected or appointed.

In Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325 (1948)
it was contended that the tenure of office of a District Judge
appointed to fill a vacancy terminated on the day of the general
election and that a contempt order entered by him thereafter
was void because he was no longer the judge of that court. In
rejecting this contention the court held that the holdover pro-
visions of Section 17 of Article XVI must be construed with
Section 28 of Article V in order to preserve the orderly process
of government and that one appointed as District Judge under
Section 28 of Article V was an officer within this State who is
continued in office by Section 17 of Article XVI until his success
shall be duly qualified. Our Court of Criminal Appeals reached
the same result in Hamilton v. State, 51 S.W. 217 (Tex.Crim.
1899) where the authority and actions of an appointed District
Judge were challenged as being void where he continued to exer-
cise the duties of that office in the succeeding term when no
one was elected to that term of office at the preceding general
election. In our opinion these holdings apply to the situation
presented by your request.

Accordingly, your questions are answered as follows:

First, the incumbent appointee Charles Bond is the
Justice of the Peace of Precinct One, Place Two, of Bexar County
for the period of time between the general election held on
November 3, 1970 and January 1, 1971.

Second, having been elected to a term of office which begins upon January 1, 1971, Mike Hernandez cannot qualify for office prior to that time even though he has received a certificate of election.

Third and fourth, in the absence of the death or resignation of Judge Bond prior to January 1, 1971, the Commissioners Court of Bexar County has neither the power nor the duty to appoint anyone to the office of Justice of the Peace of Precinct One, Place Two, of Bexar County, because there will be no vacancy in that office.

## S U M M A R Y

Where a vacancy in the office of Justice of the Peace occurred during the term which runs through December 31, 1970, the person appointed to that office pursuant to Section 28 of Article V, Texas Constitution, on October 1, 1969, is entitled, by virtue of Section 17 of Article XVI, Texas Constitution, to hold his office during the period between the general election held on vember 3, 1970, and January 1, 1971. The Comssioners Court has no power or duty to appoint yone to that office during such period because ere is no vacancy in the office. The person ected to such office at the general election November 3, 1970, for the term beginning on nuary 1, 1971, cannot qualify and enter into fice prior to January 1, 1971, even though he s a certificate of election. Art. 17, Vernon's vil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

d by W. O. Shultz
nt Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
William J. Craig
James Quick
Dick Choate
Steve Hollahan

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant