### EX PARTE P. C. SANDERS.

No. A-1938. Decided November 17, 1948.
Rehearing overruled November 24, 1948.
(215 S. W., (2d) Series, 325.)

*Joe Burkett* and *Sam L. Harrison*, both of San Antonio, for relator.

*Walter Groce, Marshall Eskridge, Jack C. Hebdon* and *Randall Taylor*, all of San Antonio, for respondent.

MR. JUSTICE BREWER delivered the opinion of the Court.

In this original habeas corpus proceeding the Hon. P. C. Sanders, relator, seeks release from a contempt commitment issued against him by the Hon. William C. Davis, Judge of the 37th Judicial District of Texas.

The case arose from a dispute between relator and Judge

Davis as to which of them is entitled to the office of Judge of the 37th Judicial District Court.

On January 1, 1945, Hon. Robert W. B. Terrell qualified for the office for the term ending December 31, 1948, and was holding it when he died on July 22, 1948. At the time of his death Judge Terrell was a candidate to succeed himself for the term beginning January 1, 1949; and relator was his opponent in the Democratic primary election to be held on July 24, 1948. As the only surviving candidate, relator won the nomination and was on the ballot as the Democratic nominee in the general election held on November 2, 1948.

On July 26, 1948, Judge Davis was appointed by the Governor to the vacancy created by Judge Terrell's death. He duly qualified the next day and was serving in that capacity on November 9, 1948, claiming that he was entitled to the judgeship, under his appointment, through December 31, 1948.

In the general election Judge Davis was an independent candidate for the office against relator for the term beginning January 1, 1949. According to the canvass of the election results made by the Commissioners' Court of Bexar County, relator got a majority of the votes, but on November 9, 1948, he had received no certificate of election as prescribed by Arts. 3034 and 3035, R. S., 1925.

Nevertheless, on the morning of November 9, relator took the constitutional oath of office, went to the courtroom of the 37th Judicial District Court and asserted his right to assume the office of Judge of that court. Judge Davis had already tried three divorce cases and was discussing with attorneys for both sides the pending trial of a jury civil case when relator appeared, took the bench, and announced to all present that he was judge of the court and inisted upon proceeding as such. Judge Davis then demanded that relator vacate the bench but relator refused. Thereupon Judge Davis held that relator's action "delayed, hindered and interfered with the functions" of the court and constituted contempt of court; accordingly, he was ordered confined in the Bexar County jail for three days and was remanded to the custody of Sheriff Owen W. Kilday, respondent, to serve the sentence.

■ We have concluded that relator had neither legal right nor color of legal right to the judgeship on November 9. In the

first place, he was never in any sense a candidate for the unexpired term of Judge Terrell, deceased, either in the primary or in the general election, but ran for the full term to begin on January 1, 1949, and to end on December 31, 1952. As such candidate, he knew, as the electors were presumed to know, that under the provisions of Art. 2929 A-1, V. A. C. S., Acts 45th Leg., p. 1320, ch. 486, the term of office he was seeking did not and could not begin until January 1, 1949. That is what he asked for and that is what he got and all he got. Whatever Judge Davis' right to the office was on November 9, 1948, relator clearly had none. Any other conclusion would make the beginning of a term of office depend on the will of the electee rather than the will of the electors as the latter has been unequivocally expressed in the statute last cited. See 43 Am. Jur., p. 15, Sec. 155, and Plains, etc., School Dist. v. Hayhurst (Civ. App.), 122 S. W. (2d) 322.

■ While we are not here passing on the rights of the parties if relator had been elected to Judge Terrell's unexpired term and are therefore not expressing any opinion thereon, it is significant that our Constitution provides in Art. XVI, Sec. 27, "In all elections to fill vacancies of office in this state it shall be for the unexpired term only." If one elected to an unexpired term cannot by reason thereof claim any part of the succeeding full term, it would seem to follow that one elected to a full term cannot on basis of that election alone claim any part of the preceding unexpired term. Clearly they are two distinctly different things.

■ Although relator had no right to claim the office, the contempt order obviously was void if Judge Davis was not Judge of the 37th Judicial District Court when it was entered. Relator insists that Judge Davis' appointive tenure of the office expired on and with the November 2, general election day, because Art. V, Sec. 28, of the Constitution of Texas, provides that vacancies in office such as that resulting from the death of Judge Terrell "shall be filled by the Governor until the next succeeding general election." If that language had to be given the cold-letter interpretation that relator urges, the 37th District Court would be at a standstill from November 2, 1948, to January 1, 1949, for want of a judge to man it. That the Constitution of this state does not intend any such result becomes quite manifest by reference to Art. XVI, sec. 17, which directs that "all officers within this state shall continue to perform the duties of their office until their successors shall be duly qualified." Under Art. V, Sec. 28, supra, Judge Davis became an "officer within this state"

by appointment of the Governor upon the death of Judge Terrell, therefore under Art. XVI, Sec. 17, he continues in office until his successor "shall be duly qualified"; and relator cannot qualify before January 1, 1949, because he has no mandate by election or otherwise to do so. Only by thus construing these two sections of our Constitution together can the orderly process of government be preserved. So that is the construction we give them. See Hamilton v. State 40 Texas Crim. Rep. 464, 51 S. W., 217.

■ Although it becomes immaterial under the conclusion just expressed, we call attention to the holding in Leslie v. Griffin (Com. App.), 25 S. W. (2d) 820, that under the terms of Art. 3034, R. S., 1925, the election of a district judge is not complete until the returns have been canvassed by the secretary of state, which cannot be done sooner than 15 days after the day of election or, in this instance, prior to November 17. So if relator's construction of Art. V, Sec. 28, Tex. Const., were tenable, he still had no claim whatever to the office on November 9, for the very sufficient reason that the election had not then been completed.

■ We are not impressed by relator's argument that the contempt order is void because Judge Davis has a financial interest in the subject matter, that is, in the controversy as to whether he or relator is entitled to the office. To state that proposition is to condemn it. If it were tenable then anybody, even without semblance of election or appointment, could break up the orderly progress of a trial in a district court by asserting claim to the bench, and the judge of the court would be without immediately effective means to quell the disturbance merely because he is paid to work there.

■ We are not in accord with relator's proposition that Judge Davis had no authority to adjudge him in contempt because Judge Davis should have resorted to a quo warranto proceeding. We are mindful of the terms of Art. 6253, R. S., 1925, but we do not think the statute means that an incumbent judge must surrender the bench to another who patently has no legal right to it, until such time as he can get a quo warranto judgment. It surely does not provide the only remedy under facts such as are presented here. And we so hold.

The writ is denied and relator is remanded to the custody of respondent, the Sheriff of Bexar County, Texas.

Because of uncertainty among members of the bar and litigrants as to who is entitled to the judgeship in question, we have decided not to wait until our next regular submission day to hand down this decision but to do so now. And since an emergency exists, only five days, instead of the fifteen days given by the rules, will be allowed for the filing of any motion for rehearing herein. See Thomas v. Groebl, 147 Texas 70, 212 S. W. (2d) 625.

Opinion delivered November 17, 1948.

Rehearing overruled November 25, 1948.