

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 13, 1950

Hon. James Houlihan
County Auditor
Orange County
Orange, Texas

Opinion No. V-1055.

Re: The extent of the pre-
sent term of the Dis-
trict Judge, 128th
Judicial District, in
view of the recent
change of this court
from a temporary to a
permanent status.

Dear Sir:

You have requested an opinion as to the extent of the present term of the District Judge of the 128th Judicial District under the following facts:

The 50th Legislature created the 128th Judicial District composed of Orange County and provided that it should be in existence from and after the passage of S.B. 241, Acts 50th Leg., R.S. 1947, p.198, until August 31, 1951, "unless it shall hereafter be extended by an Act of the Legislature." The Governor appointed the Hon. Frank Hustmyre to be District Judge of the 128th Judicial District. In November, 1948, Judge Hustmyre was elected District Judge of the 128th Judicial District. In 1949 the 51st Legislature continued the 128th District Court as a permanent, regular district court.

Section 7 of Article V of the Constitution of Texas, as amended in November, 1949, provides in part:

"The State shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be elected by the qualified voters thereof, at a General Election, a Judge, . . . who shall hold his office for the period of four (4) years, . . .

"The District Judges who may be in office when this Amendment takes effect shall hold their offices until their respective

terms shall expire under their present elec-
tion or appointment." (Emphasis added through-
out.)

Senate Bill 241, Acts 50th Leg., R.S. 1947, ch.
116, p. 198, effective April 23, 1947, provides in part:

"Sec. 6. The 128th Judicial District of
Texas is hereby created and shall be compos-
ed of the County of Orange only. It shall be
known as the District Court of the 128th Ju-
dicial District and shall be in existence
from and after the passage of this Act, un-
til August 31, 1951, unless it shall hereaf-
ter be extended by an Act of the Legislature.
All powers and duties by this Act in any way
imposed upon the 128th Judicial District shall
expire on said August 31, 1951, unless said
court shall be extended by a subsequent Act
of the Legislature; and upon such expiration
all records, pleadings, documents and any
other matters then relating to or pending in
said 128th Judicial District of Texas, includ-
ing all cases on the docket of said 128th Ju-
dicial District Court shall be transferred
without prejudice to the Court of the First
Judicial District, and thereafter Orange Coun-
ty shall be a part of said First Judicial Dis-
trict for all purposes.

"Sec. 10. The Governor of Texas, immed-
iately upon the taking effect of this Act,
shall appoint a suitable and qualified person
to serve as District Judge of the 128th Judi-
cial District of Orange County, who shall hold
this office until the next general election,
and until his successor is duly elected and
qualified, and shall receive such salary as
now provided for District Judges under and by
virtue of the general laws of this State."

House Bill 217, Acts 51st Leg., R.S. 1949, ch.
468, p.869, effective October 5, 1949, provides in part:

"Section 1. That . . . the temporary
District Court of Orange County, Texas, known
as the 128th Judicial District Court . . . is
hereby continued as a permanent, regular dis-
trict court and shall continue to be designated

as the 128th District Court as composed of Orange County.

"Sec. 5. That the present District Judge of Orange County, Texas, and of the 128th Judicial District, duly elected and acting as such, shall be the District Judge of the said 128th Judicial District in and for Orange County, Texas, until the time for which he has been elected expires and until his successor is duly elected and qualified."

The Legislature has the exclusive authority to create district courts in this State and to determine the number of such courts authorized to exist. Pierson v. State, 177 S.W.2d 975 (Tex.Crim.1944). However, the term of the District Judges as fixed by the Constitution cannot be shortened or extended by the Legislature. State ex rel. McCall v. Manry, 16 S.W.2d 809 (Tex.Comm.App.1929); Manry v. McCall, 22 S.W.2d 348 (Tex.Civ.App.1929). We quote the following from the Commission of Appeals opinion in the Manry case, at page 813:

"If the act operates so as to create a new district, then it created a new office, and the part of section 5 thereof which attempted to appoint Judge Manry as judge thereof by legislative action was null and void, as it is not a legislative power to appoint district judges. Such is an executive power and is so expressly by the plain terms of our Constitution. . . . However, as above stated, we do not think that the act created new districts at all, but merely reorganized the old districts.

"It is provided by section 7 of article 5 of the Texas state Constitution that:

"'The state shall be divided into as many judicial districts as may now or hereafter be provided by law, which may be increased or diminished by law. For each district there shall be elected by the qualified voters thereof, at a general election, a judge, who shall be a citizen * * * who shall hold his office for a period of four years. * * *'

"If the Legislature created no new
district, and did not abolish the Ninth
district then it follows that Judge Manry
having been elected judge of the Ninth dis-
trict in November 1924 at the general elec-
tion of that year, for a four-year term, was
entitled to such full four-year term under
the Constitution and that the part of sec-
tion 5 of the act of 1925 which attempted
to shorten the term and cause a new elec-
tion in 1926 for such office was in plain
violation of the express provision of our
Constitution above quoted and is null and
void. However, this does not affect the
validity of the balance of the act.

"It follows from what we have said
that there is no doubt under the Constitu-
tion and laws of this State Judge Manry was
duly and constitutionally elected judge of
said Ninth district in 1924 for a full four-
year term, and that, said district not hav-
ing been abolished, he was entitled to serve
out said full term. It further follows that
Judge McCall was duly and constitutionally
elected to said office in November, 1928,
and is now entitled to qualify as such and
assume its duties and receive its emoluments."

We are familiar with State v. Mount by the Su-
preme Court of Indiana, 51 N.E. 417, 52 N.E. 407 (1898).
The statutes were materially different there. The Leg-
islature had created a special court which, by the Act,
was definitely to expire on a particular date. A judge
was elected to that Court for the term which existed.
Thereafter the Legislature enacted another statute pur-
porting to continue the Court. The Indiana Supreme
Court held that the people could not have intended to
elect the judge past the date on which the Court was
to expire under the statute existing at the time of
the election. It was held that the Governor (not the
Legislature) had the power to fill the vacancy which
existed on the expiration of the term of office on the
date fixed in the Legislative Act.

Here, however, the statute existing at the
time of the judge's election provided that the court
was to exist to a certain date "unless it shall here-
after be extended by the Legislature." The people at

the time of the judge's election therefore intended to fill the office for whatever term there might be for the Court, not to exceed four years. The Legislature expressly continued the Court and gave it a permanent status; it did not create a new one.

It is clear that the intention of the 50th and 51st Legislatures was to protect the constitutional term of office of the District Judge of the 128th Judicial District. The 50th Legislature provided in Senate Bill 241 that the Governor was to appoint a District Judge of the 128th Judicial District who was to serve as District Judge "until his successor is duly elected and qualified." The election referred to in Senate Bill 241 was held in November, 1948, and the term of office of the elected judge was to begin January 1, 1949. The 51st Legislature provided that the District Judge of the 128th Judicial District so elected shall be the District Judge of the 128th Judicial District "until the time for which he has been elected expires and his successor is duly elected and qualified." Since the judges elected for a full term at the general election in November, 1950, are only elected for terms beginning January 1, 1951 (Ex Parte Sanders, 147 Tex. 248, 215 S.W.2d 325, 1948), the 51st Legislature is presumed to know that the successor of the District Judge of the 128th Judicial District could not be elected until the General Election in November, 1952. Therefore, it is clear that it was the intention of the 51st Legislature that the term of office of the District Judge of the 128th Judicial District would not expire until December 31, 1952.

Any other construction would lead to consequences clearly not intended by the Legislature. If we should hold that the term of office expires on August 31, 1951, the vacancy that would occur on that date could not be filled by an election held during the year 1951 for vacancies occuring in 1951; it could only be filled by executive appointment. Tex. Const., Art. IV, Sec. 12. Such construction would render meaningless that portion of House Bill 217 of the 51st Legislature which provides that "the present District Judge . . . shall be District Judge of the 128th Judicial District in and for Orange County until the time for which he has been elected expires and until his successor is duly elected and qualified."

It is therefore our opinion that the term of the present District Judge will expire on December 31,

1952.  This construction of the two acts in question gives effect to the plain intention of the Legislature.

## SUMMARY

The term of office of the District Judge of the 128th Judicial District composed of Orange County expires December 31, 1952. Tex. Const., Art. V, Sec. 7; S.B. 241, Acts 50th Leg., R.S. 1947, ch. 116, p.198; H.B. 217, Acts 51st Leg., R.S. 1949, ch.217, p.869; Pierson v. State, 177 S.W.2d 975 (Tex.Crim. 1944); State ex rel. McCall v. Manry, 16 S.W.2d 809 (Tex.Comm. App. 1929); Manry v. McCall, 22 S.W.2d 348 Tex.Civ.App. 1929).

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Joe Greenhill
First Assistant

By John Reeves
       John Reeves
       Assistant

JR:bh:mw