

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 9, 1954

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. S-139

Re: Termination of membership of
legislators on the Legislative
Budget Board, etc., upon failure
to secure nomination or election
for a succeeding term.

Dear Mr. Calvert:

Your request for an opinion reads as follows:

"I wish to request your interpretation of House Bill
No. 793 as passed by the 53rd Legislature (Chapter 377,
page 915, General and Special Laws, Regular Session, 1953)
as to which members of the Legislative Budget Board and
the Legislative Council, or any other interim committees,
are included.

"As you know, six members of the Budget Board are
members thereof in an 'ex officio' manner, because they
hold certain other positions. Four members are appointed:
two Senators and two Representatives. Two members of the
Legislative Council are members thereof because of the
same 'ex officio' reason, and fifteen are appointed: five
Senators and ten Representatives. It is my thought that the
wording of Section 1 of House Bill No. 793 would mean that
the provisions of said bill would apply only to the appointed
members of the Board and the Council, or any other interim
committees.

"I shall also appreciate your opinion as to just what
is meant by the word 'nomination' in Section 1(c), particularly
as to when such failure of nomination would become effective."

Section 1 of Chapter 377, Acts of the 53rd Legislature, Regu-
lar Session (codified as Article 5429e, Vernon's Civil Statutes), provides:

"Section 1. That the membership of any duly appointed Senator or Representative on the Legislative Budget Board or on the Legislative Council, or on any other interim Committee, shall, on the following contingencies, terminate, and the vacancy created thereby shall be immediately filled by appointment for the unexpired term in the same manner as other appointments to the Legislative Budget Board and the Legislative Council are made:

"(a) Resignation of such membership;

"(b) Cessation of membership in the Legislature for death or any reason;

"(c) Failure of such member to secure nomination or election to membership in the Legislature for the next succeeding term."

The emergency clause of this act recites " the importance of requiring that Members of the Legislative Budget Board and the Legislative Council, or any other interim Committee, be Members of the Legislature during the term of their appointment, and also for the succeeding term of the Legislature."

We agree with you that this statute does not apply to "ex-officio" members of these bodies. The statute refers to "appointed" members and requires that the vacancy be filled by appointment. Where a Senator or Representative holds a place on one of these bodies because he also holds some other position, such as the chairmanship of one of the standing committees, he is not an appointive member but is a member by virtue of the other position. The place can be held only by the chairman of that particular committee, and so long as he continues to be the chairman there is no vacancy. Of course, an ex-officio membership ceases whenever the person ceases to hold the position which gives rise to the membership, and the same contingency which under Chapter 377 would cause a vacancy in an appointive membership might also cause a vacancy in an ex-officio membership (for example, cessation of membership in ' the Legislature), but this would come about because of its ex-officio nature and not because of the provisions of Chapter 377.

Your second question on termination of membership under subdivision (c) raises a number of problems. Unless it has been terminated earlier, we are of the opinion that an appointive membership is terminated if the member is not again elected to either the House or the Senate at the general election for the year in which his term of office as

legislator is ending, regardless of whether he was a candidate for the Legislature that year. The statute was intended to cut off appointive memberships of all persons who would not be members of the Legislature for the succeeding term, and whether the person had or had not sought election to the succeeding term is unimportant. The results of the election are officially ascertained upon canvass of the returns, and the date of termination is the date on which the official canvass reveals the failure to secure election. Cf. Tom v. Klepper, 172 S.W. 721 (Tex. Civ.App. 1915, error ref.); Leslie v. Griffin, 25 S.W.2d 820 (Tex.Com. App. 1930); Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325 (1948).

Subsection (c) provides for an earlier termination upon failure to secure nomination to membership in the Legislature for the next succeeding term. To ascertain the meaning and operation of this provision, it is necessary to consider the relationship between nomination and election.

There are four different methods by which a person may be elected to the Legislature at a general election: (1) as the nominee of a political party through nomination at a primary election; (2) as the nominee of a political party through nomination at a party convention; (3) as an independent or nonpartisan candidate nominated in accordance with Section 227 of the Election Code; and (4) as a write-in candidate. It is seen that a person may be elected without having secured a "nomination."

The appointive legislative memberships on the Budget Board, Legislative Council, and interim committees are presently composed entirely of persons who were elected as party nominees named at a primary election by a political party which is holding primaries this year. We shall discuss this question only as it applies to present memberships. To attempt to set out the applicable rules for all possible situations would lengthen the opinion unduly and would serve no useful purpose at this time.

The statute presents no difficulty with regard to a member of the Legislature who has sought renomination or nomination to the other branch of the Legislature in a party primary. Clearly, we think, he has failed to secure nomination within the meaning of subdivision (c) if he is defeated at the first or second primary. This portion of the statute would be rendered entirely meaningless if it were held that mere possibility of election by some other method than nomination at the primary removed him from its operation. The date of termination is the date of the official canvass of the election returns by the party executive committee showing that he has been defeated. See Sections 203, 205, and 214, Texas Election Code.

A more serious question is presented with regard to those members who did not seek nomination for a place in the Legislature for the succeeding term. In view of the fact that election may result without nomination at a party primary and the further fact that a person is not obliged to resort to this method of election merely because he had formerly done so, it might be argued that the membership of such a person would not terminate until the possibility of his election to a succeeding term had been foreclosed at the general election. However, we think the statute should be construed in the light of the well-known political history of the State and the prevailing method of election through party nomination. Ordinarily it can be assumed that a person formerly elected as a party nominee who does not again seek nomination by the party does not intend to be a candidate at the general election and, further, that he will not be elected to a succeeding term. We believe the legislative intent was that a person who was elected as a party nominee and who has not again sought party nomination is to be considered as having failed to secure nomination when it is officially shown that he will not be the party nominee, unless he has made it known that he will seek re-election in some other manner. Otherwise, the likelihood of his either seeking or attaining election through some other method is so remote that the Legislature could hardly have intended to permit his appointive memberships to continue on the slight chance that he would later become a candidate at the general election.

As to the date of termination, we think it is to be determined by the same rule as for defeated candidates for nomination, that is, when the canvass of the primary election returns shows that the member will not be the party nominee. We realize that it could be forcefully contended that the Legislature would have provided for termination of membership on these bodies as soon as it became apparent that the individual was not seeking nomination if the statute was intended to apply to members who failed to seek nomination as well as to those who sought it and were defeated. The answer to this is that the date of termination was a matter for decision by the Legislature and the date it has fixed is based upon failure to secure nomination. The fact that the Legislature might have had good reason to provide an earlier date in these instances will not prevent the operative force of the date it has provided.

We have said that the membership terminates upon canvass of the returns of the election. Unquestionably, a vacancy in the position occurs in the sense that the appointing authority may proceed immediately to fill the vacancy by appointing a successor. The language of Chapter 377 indicates a legislative intent to bring about an automatic, complete termination of membership upon the happening of either of the stated contingencies. It is our opinion that the member's right to serve terminates immediately and he may not continue to serve until a successor is appointed. In reaching

this conclusion we have given diligent consideration to Article XVI, Section 17 of the Texas Constitution and Article 18 of the Revised Civil Statutes, as well as to the rule concerning holding over in office as announced in Walker v. Hopping, 226 S.W. 146 (Tex.Civ.App. 1920). It is extremely doubtful whether the word "officers" in Section 17 of Article XVI includes memberships of this nature. Assuming that Article 18 of the Revised Civil Statutes would apply to vacancies arising during the term of these positions in the absence of Chapter 377, the conflicting provision of Chapter 377 would nevertheless prevail as a later enactment making an exception to the general rule stated in Article 18. Even if these memberships come within the general constitutional and statutory rules, these rules have no application where a vacancy arises during the term of office because of disqualification or ineligibility of the holder to continue in office. Under Chapter 377, one of the conditions for continued appointive membership on these bodies is the combination of present membership in the Legislature and prospective membership during the succeeding term. It is clear to us that a successor appointed from among the other members of the Legislature would not be qualified to serve if he likewise had failed to secure nomination or election. Thus, it appears to us that we must treat the failure to secure nomination or election as a ground for disqualification which causes a forfeiture of membership, removing the member from the orbit of the rules for holding over until a successor is appointed.

## SUMMARY

Chapter 377, Acts 53rd Leg., R.S., 1953 (Article 5429e, V.C.S.), which provides for termination of membership of "duly appointed" Senators and Representatives on the Legislative Budget Board, Legislative Council, and other interim committees upon certain contingencies, applies to appointive memberships only and does not apply to ex-officio memberships.

Within the meaning of this statute, a Senator or Representative who was previously elected as a party nominee has failed to secure "nomination" to a succeeding term if he will not be the party nominee, regardless of whether he was or was not a candidate for the nomination. His appointive membership on the Budget Board, etc., terminates on the date the official canvass of the primary election returns shows that he will not be the nominee.

APPROVED:

John Davenport
Reviewer

John Atchison
Reviewer

Robert S. Trotti
First Assistant

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By *Mary K. Wall*
Mary K. Wall
Assistant