

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 5, 1958

Honorable Price Daniel          Opinion No. WW-530
Governor, State of Texas
Capitol Station                 Re: Appointment by Governor
Austin, Texas                       to fill vacancy in the
                                    office of District Judge

Dear Governor Daniel:

You request an opinion in answer to the following questions:

"1. Can Judge Joe Brown enter upon the duties of his office without appointment by the Governor, prior to January 1, 1958?

"2. Is the Governor authorized to appoint Judge Brown to fill out the unexpired term of Judge John C. Hoyo, under the following circumstances:

"On August 31, 1957, the same Judge Joe Brown was appointed by the Governor to this newly created 150th District Court. His nomination was submitted to the Senate on Oct. 17, 1957, and he was not confirmed. Thereafter the Governor appointed John C. Hoyo to fill the office. Judge Hoyo did not seek election to the full term. Joe Brown was the only candidate for the place and he was nominated in the Democratic Primary and elected November 4."

Your letter further gives the information that Judge Hoyo has become deceased, and that by reason of his death, there is now no incumbent of said office of District Judge.

Our answer to your First Question is that Judge Brown cannot, by virtue of his election, enter upon the duties of the office to which he was elected, prior to January 1, 1959.

The Election Code, Art. 1.08, is as follows:

"From and after the effective date hereof the terms of office of all elective State and District Officers of the State of Texas, excepting Governor, Lieutenant Governor,

members of the Senate, and members of the
House of Representatives, <u>shall begin on
the first day of January next following the
General Election at which said respective
State and district officers were elected.</u>"
(emphasis ours).

And in the case of <u>Ex parte Sanders</u>, 147 Tex. 248, 215 S.W. 2d
325 (1948), The Supreme Court of Texas held, among other
things, that a person elected to the office of district judge
in the November general election could not by virtue of his
said election, assume the duties of that office until the
first of the succeeding January.

We are thus compelled, both by the applicable statute
and by the decision of the Supreme Court, to answer the
question in the negative.

The answer to the second question is that the Governor
of Texas, is not authorized to appoint Judge Joe Brown to
serve the remaining portion of the term of office to which he
was previously appointed and which appointment was rejected
by the Senate of Texas. This is forbidden by the Constitution
of Texas, Article 4, Section 12, which provides as follows:

"All vacancies in State or district offices,
except members of the Legislature, shall be
filled unless otherwise provided by law, by
appointment of the Governor, which appointment,
if made during its session shall be with the
advice and consent of two-thirds of the Senate
present, the said appointee, or some other person
to fill such vacancy, shall be nominated to the
Senate during the first ten days of its session.
If rejected, said office shall immediately be-
come vacant, and the Governor shall, without
delay, make further nominations, until a con-
firmation takes place. But should there be
no confirmation during the session of the Senate,
<u>the Governor shall not thereafter appoint any
person to fill such vacancy, who has been rejected
by the Senate;</u> but may appoint some other person
to fill the vacancy until the next session of the
Senate or until the regular election to said office,
should sooner occur. Appointments to vacancies
in offices elective by the people shall only con-
tinue until the first general election thereafter."
(Emphasis ours).

In that clause of the quoted Constitutional Article which says, "the Governor shall not THEREAFTER appoint any person to fill SUCH vacancy, who has been rejected by the Senate:" the words "thereafter" and "such" are very significant. Mr. Black, in his authoritative Law Dictionary, Fourth Edition, gives the following as the legal definition of "thereafter":

"After the time last mentioned; after that; after that time; afterward; subsequently; thenceforth. People v. St. Louis, A & T.H.R. Co., 300 Ill. 519, 133 N.E. 217; Lamoutte v. Title Guaranty & Surety Co., 165 App. Div. 573, 151 N.Y.S. 148, 154; Dauwe v. State, 147 Tex. Cr. R. 384, 180 S.W. 2d 925, 927."

The same authority defines "such" as meaning:

"Of that kind, having particular quality or character specified. In re Brock, 312 Pa. 92, 166 A. 785, 787. Identical with, being the same as what has been mentioned. In re Watson's Will, 144 Misc. 213, 258 N.Y.S. 755. Alike, similar, of the like kind; 'such' represents the object as already particularized in terms which are not mentioned, and is a descriptive and relative word, referring to the last antecedent. Strawberry Hill Land Corporation v. Starbuck, 124 Va. 71, 97 S.E. 362, 366; People ex rel Kelly v. Public Service Commission, 171 App. Div. 800, 157 N.Y.S. 703, 705."

The above set out Article of the Constitution is plain. It must be construed to mean what it says, and to say what it means. It says and means that when the Governor appoints some person to fill a vacancy in the term of an office and the appointee is refused confirmation by the Senate, the Governor cannot again appoint the rejected appointee to fill said term or any part thereof.

## SUMMARY

The Honorable Joe Brown cannot by virtue of his election to the office at the last general election enter upon the duties of his office prior to January 1, 1959. The Honorable Joe Brown cannot be appointed by the Governor to fill the vacancy now exist-

ing in the office to which he was elected,
his previous appointment by the Governor to
such office for the present term having been
refused confirmation by the Senate of Texas.

Yours very truly

WILL WILSON
Attorney General of Texas

BY
George P. Blackburn
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Riley Eugene Fletcher, Chairman

Marietta McGregor Payne

Cecil Cammack

Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL:

By: W. V. Geppert