

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 23, 1958

*affirms*
*WW-426*
*See Art 17 R.C.S., as*
*amended in 1963*

Opinion No. WW-516

Hon. John R. Coffee
County Attorney
Howard County
Big Spring, Texas

Re: Date on which a per-
son elected to fill
an unexpired term in
the office of County
Attorney is entitled
to take office.

Dear Mr. Coffee:

You have requested an opinion on the following question:

"When a candidate for the office of County Attorney is elected to fill the unexpired term, is he entitled to take office immediately upon qualifying after the general election in November or does he take office on January 1st?"

Article V, Section 21 of the Constitution provides that in case of vacancy in the office of County Attorney, the Commissioners Court of the county shall have the power to appoint a County Attorney "until the next general election." A similar provision is contained in Article 2355, Revised Civil Statutes.

Attorney General's Opinion No. WW-426 (1958) held, under similar constitutional and statutory provisions, that a person elected to an unexpired term in the office of Sheriff is entitled to qualify and assume the office as soon as the results of the election have been officially canvassed by the Commissioners Court under Article 8.34 of the Election Code. This holding also applies to the office of County Attorney.

In reaching the foregoing conclusion, both in Opinion WW-426 and the present opinion, we have given consideration to Article 17 of the Revised Civil Statutes, which reads in part as follows:

"Art. 17. Date to qualify.--After each general election, those who are elected to the various county and precinct offices shall qualify by taking the official oath and entering upon

and assuming the duties of their respective
offices on the first day of January following
the last general election, or as soon there-
after as possible. * * *"

We are of the opinion that this statute applies only to the
commencement of regular terms of office and does not apply
to the date on which persons elected to fill unexpired terms
may assume office.

Article 17 is a codification of an act of the
Legislature passed in 1921 (Acts 1921, p. 96), which was a
re-enactment of a prior act passed in 1917 (Acts 1917, p.
351) with a change in the date on which the electees were to
take office. While the 1921 act does not expressly refer to
the 1917 act, it is in identical language except for changing
the date from the first day of December to the first day of
January and making one or two minor changes in wording. Both
in 1917 and 1921, as well as in 1925 when Article 17 was en-
acted as a part of the Revised Civil Statutes, the regular
term of elective county and precinct offices was two years.
Prior to 1917 there had been no constitutional or statutory
provision fixing the date on which the regular term was to
commence. The absence of any provision fixing the commence-
ment of the term was discussed in Tom v. Klepper, 172 S.W.
721 (Tex.Civ.App. 1915, error ref.). In that case the court
noted two possible dates which might be taken as the time at
which the regular term commenced, one being the date of the
officer's qualification and the other being at the time the
returns of the election were canvassed. The court stated that
it believed the better rule to be the date of canvassing the
returns but did not make a firm holding on the question.

Neither of these two dates was completely satis-
factory for the beginning of a regular term. If the date of
qualification was to be taken as the commencement of the term,
the commencement and termination of succeeding terms could be
deferred by the newly elected officer's delaying to qualify
as soon as he was entitled to do so, thereby successively and
cumulatively deferring the commencement of subsequent terms.
On the other hand, adoption of the date of completing the
election as the beginning of the term would result in in-
creasing or decreasing the two-year term by a few days, de-
pending on the date of the election, which could range from
November 2 through November 8, and the corresponding date of
canvass.

This was the state of the law when the Legislature
passed the 1917 act. There was a need for a statute fixing the
beginning of regular terms on a definitely stated day not only

to eliminate the confusion as to which of the possible dates mentioned in Tom v. Klepper was the correct one but also to avoid the defects inherent in each of those dates. There was not in 1917, nor is there now, any such need with respect to unexpired terms. The date on which a person elected to fill an unexpired term takes office cannot affect the duration either of that term or of the succeeding full term. Where the date of commencement of the full term is fixed at a specific calendar date, the unexpired term ends on the date the succeeding full term begins. In the absence of a provision fixing a specific date for commencement of regular terms, the unexpired term would be only for the remainder of the full term of the elected predecessor and would not be affected by the date on which the person elected to the unexpired term was entitled to take office or did in fact assume the office.

Statutes should be construed in the light of the circumstances existing at the time of their enactment and the evil sought to be corrected. Wortham v. Walker, 33 Tex. 255, 128 S.W.2d 1138 (1939); Texas & N. O. R. Co. v. Railroad Commission, 145 Tex. 541, 200 S.W.2d 626 (1947); 34 Tex. Digest, Statutes, § 184. The intent of the Legislature in enacting the statute should be given effect even though to do so necessitates a departure from the literal purport of its terms. See 39 Tex.Jur., Statutes, § 95 and cases cited thereunder.

In the light of the foregoing discussion, we are of the opinion that the Legislature had in mind the beginning of the full terms only when it enacted this statute and did not intend for it to apply to unexpired terms. There is another reason for concluding that the Legislature did not have unexpired terms in mind when the 1917 act was passed. Prior to that act, unexpired terms in county and precinct offices after the general election were either nonexistent or of such short duration as not to warrant the attention of the Legislature. Since the terms were for only two years, a new set of officers was elected to the succeeding full terms at each general election. If the terms of the newly elected officers commenced as soon as their election was completed, there was no unexpired term then remaining in an office in which a vacancy had occurred. If the full term did not begin until two years after the date on which the elected predecessor had qualified, there could have been an unexpired term of a few days still remaining after the election results were declared, but in view of the well-known fact that persons rarely if ever seek election to terms of such short duration it would be unreasonable to assume that the Legislature had unexpired terms in mind when this statute was enacted.

After the 1917 act and until the time when the terms of county and precinct officers were increased to four

years, there was a brief unexpired term after the general election following a vacancy in the office--the interval between the election and the first day of December, extended by the 1921 act to the first day of January. It would have been possible for persons to run for and be elected to these brief unexpired terms. State ex rel. Heck v. Ahlers, 71 N.E.2d 531 (Ohio Ct.App. 1946); Bailey v. Knight, 168 P.2d 843 (Mont.Sup. 1946). Also see Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325 (1948). However, it is common knowledge that in actual experience these terms were seldom if ever filled by election and consequently there was no real need for fixing a time for electees to take office. This circumstance points to the conclusion that the Legislature in 1921 also did not have unexpired terms in mind. Assuming that the Legislature in 1921 did take cognizance of these unexpired terms and intended to make the statute apply to them, the result which the Legislature intended to accomplish would have been to deprive the person elected to an unexpired term of the right to occupy the office and to deny him any term at all, because the statute would not have permitted him to assume the office until the date on which the unexpired term ended and the new full term began. We think it is unreasonable to assume that the Legislature intended any such result, and if it had so intended we think it would have expressed that intent in more explicit language than that used in the statute.

Moreover, we are of the opinion that an attempt to make this statute apply to unexpired terms would have rendered it unconstitutional insofar as it related to unexpired terms in offices wherein the Constitution provided that appointments to fill vacancies were to be made until the next general election or the next general election for the office. See, e.g., Art. V, Secs. 20, 21, 23 and 28 of the Constitution. We think the clear import of these constitutional provisions is that the appointment is to be made only until the general election and that the successor elected to the unexpired term is entitled to take office as soon as his election is completed. This is in keeping with a policy to return elective offices to persons chosen by the people as soon as practicable. By deferring the date on which the elected successor could take office to some later date, the Legislature would be attempting to deprive the elected successor of a portion of his term in violation of the Constitution. Cate v. Ross, 63 Ky. (2 Duv.) 243 (1865). Where a statute is susceptible of two different constructions, one of which would sustain its validity and the other of which would render it unconstitutional, that construction which would uphold its validity should be adopted. 39 Tex.Jur., Statutes, § 111 and cases cited thereunder.

The foregoing conclusion is not in conflict with Anderson v. Parsley, 37 S.W.2d 358 (Tex.Civ.App. 1931, error

ref.), in which the constitutionality of Article 17 was sustained. That case involved the date on which a full term in the office of County Commissioner began, and there is nothing in the opinion to indicate that the court was passing on the applicability or validity of the statute with respect to unexpired terms.

Having concluded that Article 17 does not apply to unexpired terms, we come next to the question of the time when a person elected to an unexpired term may take office. We are of the opinion that the provisions in the Constitution and Article 2355, R.C.S., limiting appointments until the next general election by necessary implication give the person elected to fill the remainder of the unexpired term the right to take office as soon as he is elected. However, a person's election is not completed until the returns of the election have been officially canvassed. Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325 (1948). In that case the Supreme Court construed Article 2929a-1, V.C.S. (now Article 1.08, Vernon's Election Code) as fixing the date for the commencement of the regular terms in certain state and district offices without passing on its applicability or constitutionality with respect to unexpired terms or deciding when a person elected to an unexpired term would be entitled to take office. We are of the opinion that this statute was intended to fix the commencement of regular terms only and that it would be unconstitutional under Article IV, Section 12 of the Constitution if it did apply to unexpired terms. While Ex parte Sanders does not rule on that question, the holding that an election is not complete until the returns are canvassed would apply to all elections, whether for a full term or for an unexpired term.

### SUMMARY

A person elected to fill an unexpired term in the office of County Attorney is entitled to receive a certificate of election and to qualify and take office immediately after the returns of the general election at which he was elected have been canvassed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By    *Mary K. Wall*

Mary K. Wall
Assistant

Hon. John R. Coffee, page 6 (WW-516)

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.
L. P. Lollar
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL
BY:

      W.V. Geppert