

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
ATTORNEY GENERAL

*Affirmed by WW-516*
*Overrules V-685*
*0-1664    0-4443*
*0-6206    0-1833*
*Where Conflicts*
*See Art. 17, RCS, as amended in 1963*

May 1, 1958

Hon. Raymond J. Goodman
County Attorney
Webb County
Laredo, Texas

Opinion No. WW-426

Re: Tenure of appointment to fill
vacancy in office of Sheriff,
and related questions.

Dear Mr. Goodman:

Your request for an opinion is based on the following facts as set out in your letter:

"At the general election in 1956 the Honorable J.C. Martin, Sr. was re-elected to the office of Sheriff of Webb County for the term of 4 years expiring on December 31, 1960, and on January 1, 1957, duly qualified and assumed such office and continued to serve in said capacity until his death on December 19, 1957.

"The Commissioners Court of Webb County, at its term in Januray, 1958, duly appointed Mr. P.L. Flores, a resident citizen and qualified voter of Webb County, as Sheriff to fill the existing vacancy in said term of office by reason of the death of the late incumbent Sheriff J.C. Martin, Sr. Whereupon, Mr. Flores immediately qualified for and assumed said office."

Under these factual circumstances, you ask the following question, which we have restated slightly for the sake of brevity:

(1) Will the person appointed to fill the vacancy in the term of office of Sheriff be entitled to hold the office for the entire unexpired period of the 4-year term and until a successor is duly qualified, or only until the next general election held next following the date of such appointment?

(2) If the Commissioners Court is authorized to fill a vacancy in the office of Sheriff only until the next general election, how shall the designation of the title of the office for the unexpired term be printed on the official ballots for the primary election and for the general election? Should the ballots show that the election is for an unexpired

term, e.g.:   "For Sheriff (unexpired term ending
Dec. 31, 1960)" or "For Sheriff (unexpired term)"?

     (3)  If a qualified person is elected at such
"next general election" for the remaining unexpired
term of office of Sheriff, may such person so
elected qualify for and assume such office immediately
after issuance of his certificate of election for
said remaining unexpired term?  If the answer to this
question is negative, when may such person qualify for
and assume the office?

     In answer to your first question, it is our opinion
that the appointment made in January, 1958, to fill the vacancy
in the office of Sheriff of Webb County will continue only until
the general election of 1958, as hereinafter explained.  Article
V, Section 23 of the Constitution, as amended in 1954, provides
that vacancies in the office of Sheriff shall be filled by the
Commissioners Court "until the next general election."  There
is no material difference between this provision and the statu-
tory provision involved in Sterrett v. Morgan, 294 S.W. 2d 201
(Tex. Civ. App.  1956), under which the court held that the ap-
pointment continued until the next general election occurring
after the vacancy.  In that case the contention was made that an
appointment by the Commissioners Court of Dallas County to fill
a vacancy in the office of Judge of County Court of Dallas
County at Law No. 2, made in September, 1956, would continue for
the entire period of the unexpired term extending through Decem-
ber 31, 1958, and that an election should not be held at the
general election in 1956 to fill the remainder of the unexpired
term.  The court held that vacancies in that office must be
filled as provided in Article 1970-24, Vernon's Civil Statutes,
which provided that any vacancy in that office "shall be filled
by the Commissioners Court of Dallas County until the next regu-
lar election" meant the "next general election," which in that
case was the general election to be held on November 6, 1956.

     It should be noted that appointments for the constitu-
tional office of County Judge and for the office of Justice of
the Peace are controlled by Article V, Section 28 of the Consti-
tution, which provides that vacancies in these offices shall be
filled by appointment by the Commissioners Court "until the
next general election for such offices."  As pointed out in
Rawlins v. Drake,  291 S.W. 2d 249 (Tex. Civ. App. 1956), this
provision differs materially from the vacancy provisions appli-
cable to other offices, which do not contain the qualifying
phrase "for such offices."  Rawlins v. Drake held that appoint-
ments for these two offices continue until the next general
election for such offices, which would be the general election
occurring four years after the election at which the term in
which the vacancy occurred had been originally filled; but as

to other offices, when vacancies occur the offices are filled by appointment until the next succeeding general election. It might be noted, further, that a constitutional amendment will be voted on at the general election in 1958 to change Section 28 of Article V so as to provide that vacancies in the office of County Judge and Justices of the Peace shall be filled by the Commissioners Court "until the next succeeding General Election." H.J.R. 30, Acts of the 55th Leg., R.S. 1957, p. 1640.

In your second question you ask whether the official ballot should show that the election is for the unexpired term. Article 13.12 of the Election Code requres that the application of a candidate for a place on the primary ballot show whether it is for a full term or an unexpired term, but the statutes prescribing the form of the official ballot (Articles 6.01, 6.05, and 13.09 of the Election Code) are silent on the question of whether this information should be shown on the ballots.

We are of the opinion that the failure of the ballots either at the primary election or at the general election here under consideration to show that it is for the unexpired term would not invalidate the election, but we think it is entirely proper for the ballots in both elections to show that the election is for the unexpired term. Either designation suggested in your letter would be satisfactory. In making up the ballots for the general election, the Secretary of State usually designates the unexpired terms by the words "(unexpired term)" or "(for the unexpired term)" following the title of the office.

Conceivably an election might be declared invalid if there were candidates at the same election both for an unexpired term and for a succeeding full term in an office and the ballots were so prepared that the voters could not tell for which term the candidates were running. This situation cannot occur in the 1958 elections to fill the unexpired term in the office of Sheriff, and we are expressing no opinion on what designation would be required in such a situation. It would occur only where someone sought election to the brief portion of an unexpired term between the general election and the commencement of the new term filled at the same election, and from past experience it appears unlikely that the situation will arise very often if at al[1].

In your third question you ask when the person elected at the next general election may qualify for and assume the office. Under Article XVI, Section 17 of the Constitution, the appointed incumbent will be entitled and in fact will be under a duty, to continue to perform the duties of the office until his successor is duly qualified. The election of a successor to the appointed Sheriff will not be completed until the results

of the election have been officially canvassed by the Commissioners Court under Article 8.34 of the Election Code, and the successor cannot claim the office before that time. Ex parte Sanders, 147 Tex. 248, 215 S.W. 2d 325 (1948). However, we are of the opinion that the person elected will be entitled to a certificate of election as soon as the results are officially canvassed, and that he may qualify and assume the office immediately thereafter. So far as we have been able to find, this precise point has not been ruled on by the Texas courts but this seems to us to be the clear meaning of the constitutional provisions and is the conclusion indicated in Ex parte Sanders, supra. In that case, the person elected at the general election was not entitled to assume office before the first day of January following the election, the date of the commencement of the new term, because he had been elected to the new term and not to the unexpired term. The opinion implies that a person elected to an unexpired term would be entitled to receive a certificate of election and to assume the office as soon as the election had been completed. The holdings in Attorney General's Opinions O-1664, O-6206, V-685, and any other prior opinions implying that a person elected to an unexpired term is not entitled to assume office until January 1 following his election are hereby overruled.

## SUMMARY

An appointment by the Commissioners Court to fill a vacancy in the office of Sheriff continues only until the next general election following the occurrence of the vacancy. Tex. Const., Art. V, Sec. 23. Where a vacancy occurred in December, 1957, an election should be held at the general election in 1958 for the remainder of the unexpried term ending on December 31, 1960, and candidates for nomination to the office may run in the primary election.

In both a primary election and a general election for an unexpired term of office, it is proper for the ballots to show that the election is for the unexpired term.

A person elected to an unexpired term in the office of Sheriff is entitled to receive a certificate of election and to assume the office as soon as the results of the election have been officially canvassed by the Commissioners Court under Article 8.34 of the Election Code. The incumbent continues to perform the duties of the office until his successor is duly qualified.

Yours very truly

WILL WILSON
Attorney General of Texas

By s/Mary K. Wall
         Mary K. Wall
         Assistant

MKW:nh:wc

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
J. C. Davis, Jr.
C. K. Richards
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert