

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 11, 1970

Mr. Fred P. Holub
County Attorney
Matagorda County
Bay City, Texas 77414

Opinion No. M-745

Re: Whether the office of County
School Superintendent exists
in Matagorda County.

Dear Mr. Holub:

Your recent letter requests the opinion of this office as to whether the office of County School Superintendent exists in Matagorda County. You have supplied us with the following pertinent information.

The person holding the office died in August, 1969. The commissioners court has not appointed a successor. Under normal procedures a County Superintendent would be elected at the general election in November of 1970 for a four year term. An eligible candidate announced for the office in the Democratic primary and ran unopposed in the primary and was elected to the office at the general election in November, 1970.

You have pointed out that Article 2688n, Vernon's Civil Statutes, provides that the office of County School Superintendent is abolished in all counties having a population of not less than 25,750 nor more than 28,000 according to the last preceding Federal census, and further advised us that whereas the 1960 census reported a population of 25,744 for Matagorda County, the figures released to date place the 1970 population at 27,630. You inquire whether, in view of the provisions of Article 2688n and the 1970 population figures for Matagorda County, the office of County School Superintendent for that county is abolished; and if so, the effective date.

In our opinion the office of County School Superintendent continues to exist in Matagorda County, and the person elected to that office in the general election in November, 1970, is entitled to take office on January 1, 1971.

-3627-

          The current scholastic population of Matagorda County being over 3,000, the election of a County Superintendent to serve a four year term is made mandatory by the provisions of Article 17.41(a) of the Texas Education Code.

          In view of the office having been once created in the county and the scholastic population remaining over 3,000, it appears that the only statutory provision for abolishing the office is provided by Article 17.64 of the Texas Education Code. See Attorney General's Opinion No. M-733 (1970). Apparently the procedure provided in Article 17.64 has not been followed in Matagorda County. Further, under this Article, the office could not be abolished in 1970, the year that a regular election for the office is held in the county.

          In our opinion, Article 2688n as narrowly restricted in its application to certain counties, is unconstitutional for the reason that it is a local or special law regulating the management of public schools in contravention of Article III, Section 56, Constitution of Texas. The Supreme Court of Texas, in Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941), has well stated the prevailing rule with regard to this type of legislation:

          "Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must

be a substantial reason for the classification.
It must not be a mere arbitrary device resorted
to for the purpose of giving what is, in fact, a
local law the appearance of a general law."
(at p. 1001-1002). See also the cases there cited.

In our opinion Article 2688n would create a class of
counties without substantial basis and without sufficient legal
distinguishing features and is therefore proscribed as a local
or special law by Article III, Section 56, of the Texas Consti-
tution. That being true, the statute does not operate to abolish
in Matagorda County the office of County School Superintendent.
See Attorney General's Opinions No. C-244 (1964), No. C-481
(1965), and No. M-488 (1969).

As we have stated in this opinion, the person elected
in November of 1970 for the four year term beginning January 1,
1971, is not eligible to take office and assume the duties of
that office until January 1, 1971. Authority for this holding
is found in Ex parte Sanders, 147 Tex. 248, 215 S.W.2d 325 (1949).

## S U M M A R Y

Under the given fact situation the office of
County School Superintendent of Matagorda County
continues to exist. The current scholastic popu-
lation of the county being over 3,000, the election
of a County Superintendent at the November, 1970,
general election for a four year term is mandatory.
Article 17.41(a), Texas Education Code.

The scholastic population remaining over 3,000,
it appears that the only statutory provision for
abolishing the office is provided by Article 17.64
of the Texas Education Code.

Article 2688n is unconstitutional and does not
operate to abolish the office.

The person elected to the office at the general election in November of 1970 to the four year term beginning on January 1, 1971, may not take office or assume the duties of the office until January 1, 1971. <u>Ex parte Sanders</u>, 147 Tex. 248, 215 S.W.2d 325 (1949).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
James McCoy
S. J. Aronson
Max Hamilton
Rex White

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant