Honorable Robert E. Bell Criminal District Attorney Jackson County Courthouse Edna, Texas 77957
Re: Whether appointee to office of District Judge of 267th Judicial District serves from November 2, 1982 to January 1, 1983
Dear Mr. Bell:
In 1981 the Texas legislature created the 267th Judicial District. V.T.C.S. art. 199a, § 3.093; Acts 1981, 67th Leg., ch. 25, § 1, at 51. Governor Clements then appointed an individual to the office of district judge in this district. See V.T.C.S. art. 199a, §§ 6.001, 2.005.
You advise that at the May 1, 1982 primary election, the Clements' appointee failed in his attempt to become the Democratic candidate for district judge in this district. The winner of the primary election ran unopposed in the November 2, 1982 general election.
You ask:
 1. Who is entitled to the office of Judge of the 267th Judicial District Court during the `interim' period between:
 (a) the certification of the official canvas of the returns of the general election which was held on November 2; and
 (b) the swearing and qualifying of the winner of the four year term on January 1, 1983?
 2. Is the Democratic candidate to take the oath, assuming that he is elected, and be qualified upon receipt of his certification of election, or must he wait until January 1, 1983 to take office?
Section 2.005 of article 199a provides that:
 The district judge of each new district created by this Act shall be appointed by the governor in the manner prescribed by the constitution and laws of the State of Texas and shall serve in such capacity until the next succeeding general election and until his successor has been duly elected and has qualified. . . . (Emphasis added).
Section 6.001 of article 199a provides in part:
 When a judicial district is created by this Act or by amendment to this Act, the Governor shall appoint a qualified person to the office of district judge, who shall serve until the next succeeding general election and until his successor is elected and has qualified. . . . (Emphasis added).
Neither section 2.005 nor section 6.001 indicates when the `successor' who is elected to a regular term of office at the November general election becomes `qualified' to hold office. It is settled, however, that statutes dealing with the same subject are to be read together. Calvert v. Fort Worth National Bank,356 S.W.2d 918 (Tex. 1962). Article 17, V.T.C.S., provides:
 The regular terms of office for all elective state, district, county and precinct offices of the State of Texas, excepting the offices of Governor, Lieutenant Governor, State Senator, and State Representative, shall begin on the first day of January next following the general election at which said respective offices are regularly filled, and those who are elected to regular terms shall qualify and assume the duties of their respective offices on the first day of January following their election, or as soon thereafter as possible. Persons elected to unexpired terms in the various state, district, county and precinct offices shall be entitled to qualify and assume the duties of their respective offices immediately upon receiving a certificate of election, which certificate shall be issued immediately following the official canvass of the results of the election at which they were elected, and they shall take office as soon thereafter as possible. (Emphasis added).
Article 17 clearly provides that only those persons elected to unexpired terms qualify for and assume the duties of their offices immediately upon receiving a certificate of election. Those elected to regular terms qualify for office `on the first day of January following their election, or as soon thereafter as possible.' Since the Democratic candidate for district judge of the 267th Judicial District was elected to this office on November 2, he falls in the latter category.
Therefore, the answer to your questions is that the governor's appointee is entitled to serve as district judge of the 267th Judicial District until his successor `is elected and has qualified,' which will be on January 1, 1983 `or as soon thereafter as possible.' See Ex parte Sanders, 215 S.W.2d 325 (Tex. 1948).
 SUMMARY
The present appointee to the office of district judge of the 267th Judicial District is entitled to hold office until his successor `has been duly elected and qualified,' article 199a, sections 6.001, 2.005, V.T.C.S., which will be `on the first day of January following [his] election, or as soon thereafter as possible.' V.T.C.S. art. 17.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Jon Bible Assistant Attorney General