# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

October 26, 2004

The Honorable Eugene D. Taylor
Williamson County Attorney
Williamson County Courthouse Annex
Second Floor
405 Martin Luther King, Box 7
Georgetown, Texas 78626

Opinion No. GA-0263

Re: Time of taking office of a person elected to the office of sheriff as a successor to an individual who was appointed to fill a vacancy in that office (RQ-0257-GA)

Dear Mr. Taylor:

You ask about the time of taking office of an individual elected to the office of sheriff as a successor to a person appointed to fill a vacancy in that office.[1]

You state that the "elected Williamson County sheriff resigned" in January 2004 and that his position was subsequently filled "by appointment of [the] Commissioners Court." Request Letter, *supra* note 1, at 1. The appointee is not a candidate at the November 2004 general election; rather, another person is running unopposed for the position of sheriff for the four-year term beginning on January 1, 2005. *See id.* You ask whether the individual elected on November 2 assumes office immediately upon his certification as the winner of the election, or whether the incumbent appointed sheriff continues in office through December 31, 2004. *Id.*

The answer to your inquiry is well established in Texas law and jurisprudence. Article V, section 23 of the Texas Constitution provides that "[t]here shall be elected by the qualified voters of each county a Sheriff, who shall hold his office for the term of four years, whose duties, qualifications, perquisites, and fees of office, shall be prescribed by the Legislature, and vacancies in whose office shall be filled by the Commissioners Court until the next general election." TEX. CONST. art. V, § 23. Section 601.003(a) of the Government Code declares that "[t]he regular term of an elective state, district, county, or precinct office begins on January 1 of the year following the general election for state and county officers." TEX. GOV'T CODE ANN. § 601.003(a) (Vernon 1994). Likewise, section 601.003(b) states that "[a] person elected to a regular term of office shall qualify and assume the duties of the office on, or as soon as possible after, January 1 of the year following the person's election." *Id.* § 601.003(b). Thus, under the plain language of the Texas Constitution

---

[1]Letter from Honorable Eugene D. Taylor, Williamson County Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 5, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

and statutes, an individual elected at a general election held in an even-numbered year does not assume office until January 1 of the following year.

In *Ex parte Sanders*, 215 S.W.2d 325 (Tex. 1948), the Texas Supreme Court adjudicated a dispute similar to the situation here, between a newly elected district judge and the person appointed to fill a vacancy in that office. The individual elected at the November 2, 1948 general election (the "relator") went to the courtroom on November 9, 1948, disrupted the proceedings, and asserted his right to assume the office of district judge. *Id.* at 326. The incumbent appointed judge demanded that the relator "vacate the bench," but he refused to do so. *Id.* The incumbent judge then held the usurper's act to be contempt of court and ordered him confined to jail for three days. The relator subsequently filed, in the Supreme Court of Texas, an original habeas corpus petition against the sheriff. *Id.* at 325-26.

The court held that the relator "had neither legal right nor color of legal right to the judgeship on November 9." *Id.* at 326. "[T]he term of office he was seeking did not and could not begin until January 1, 1949. That is what he asked for and that is what he got . . . . Any other conclusion would make the beginning of a term of office depend on the will of the electee rather than the will of the electors as the latter has been unequivocally expressed . . . ." *Id.*

After holding that the relator's term could not commence until January 1, 1949, the court addressed his claim that the appointed judge's term expired on November 2, 1948, the date of the general election. Confusion apparently had arisen because article V, section 28 of the Texas Constitution provided that vacancies in the office of district judge "shall be filled by the Governor until the next succeeding general election." *Id.* The court then declared:

> If that language had to be given the cold-letter interpretation that relator urges, the 37th District Court would be at a standstill from November 2, 1948, to January 1, 1949, for want of a judge to man it. That the Constitution of this state does not intend any such result becomes quite manifest by reference to Art. XVI, Sec. 17 . . . which directs that "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." Under Art. V, Sec. 28, supra, [the incumbent judge] became an "officer within this state" by appointment of the Governor upon the death of Judge Terrell, therefore under Art. XVI, Sec. 17, he continues in office until his successor "shall be duly qualified"; and relator cannot qualify before January 1, 1949, because he has no mandate by election or otherwise to do so.

*Id.* The court concluded that "[o]nly by construing these two sections of our Constitution together can the orderly process of government be preserved. So that is the construction we give them." *Id.*

In the situation you pose, subchapter D, section 87 of the Local Government Code uses language analogous to that of article V, section 28 of the Texas Constitution. Section 87.041(a) provides that a commissioners court may fill a vacancy in the office of sheriff. Subsection (c)

declares that "[t]he person appointed by the commissioners court to fill the vacancy shall hold office until the next general election." TEX. LOC. GOV'T CODE ANN. § 87.041(c) (Vernon 1999). This statute must, like the constitutional provision at issue in *Sanders*, be read in conjunction with article XVI, section 17 of the Texas Constitution in order to preserve "the orderly process of government."

A number of attorney general opinions subsequent to *Sanders* have recognized this principle. In Attorney General Opinion M-742, this office said that a person appointed to fill the office of justice of the peace continues to hold his office between the date of the general election and January 1 of the following year. *See* Tex. Att'y Gen. Op. No. M-742 (1970) at 7. Likewise, in Attorney General Opinion MW-521, the attorney general concluded that an appointee to the office of district judge held office "until his successor 'has been duly elected and qualified . . . which will be on the first day of January following [his] election, or as soon thereafter as possible.'" Tex. Att'y Gen. Op. No. MW-521 (1982) at 3; *see also* Tex. Att'y Gen. Op. No. JM-579 (1986) at 3 (person elected to term as justice of the peace shall qualify and assume duties of office on the January 1 following his election or as soon thereafter as possible).

We conclude therefore that the person who is elected sheriff of Williamson County at the November 2, 2004 general election is entitled to assume office on January 1, 2005. The incumbent sheriff, previously appointed by the Commissioners Court, is entitled to remain in office until that date.

## S U M M A R Y

The person elected sheriff of Williamson County at the November 2, 2004 general election is entitled to assume office on January 1, 2005. The incumbent sheriff who was previously appointed by the Commissioners Court is entitled to remain in office until that date.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee